Lipscomb, J.
In this case the appellants were sued in the District Court by the appellees upon a promissory note given by Cummings to Tousey and indorsed by l lie last named. Cummings writes his name to'the note H. S. Cummings. The petition names him as U'. S. Cummings; but the citation issued by the cleric names him as Uriah S. Cummings. This variance between the petition and the citation is supposed by the .appellants to be demurrable, and the overruling of this demurrer is assigned for error.
We have no doubt, that by the ancient common-law practice the petition would have been held bad, because the plaintiff would have been bound to give the name in full, as initials were not regarded as moaning anything and wore not held to constitute a name; and on a note so executed' the plaintiffs would have boon compelled to have given the full name, and alleged that he had made and executed his note by the style of U. S. Cummings. Blit it has grown inlo such universal practice to sign one’s given name by the initials that it lias had the effect to relax the rule; nor is it believed that any injury lias resulted from such relaxation. And in the case before ns, if the initials given in the petition do not si and for Uriah S., and the defendant intended to he served with process is not the person really served, it should have been pleaded in abatement of the process. But it would not have abated the action. We believe that the petition giving the name by which the note was executed, and the mere fact of the citation giving the name in full, furnishes no legal cxcepiion to the process served.
The. oilier objection to the judgment is that the court erred in overruling the defendant's motion for a continuance on the ground of surprise when the plaintiff was permitted to amend. Now, the mere fact that the defendant was surprised by such an amendment would not of itself be a ground of continuance. He should have shown by his affidavit that he had a good defense; that he could prove, by witnesses whose attendance was not procured, because not expected to be needed, until after the amendment was made. But lie showed no grounds for the continuance, and there was no error in overruling the motion of the defendant.
Judgment affirmed.