WESTERN UNION TELEGRAPH COMPANY V. ROBERTSON BROTHERS.

Decided · December 7, 1910.

**1.—Continuance—Surprise by Amendment.**

An application for continuance on the ground of surprise by amendment should show that the applicant can procure evidence, not now available, to meet the new issues presented. Especially will its refusal not be ground for reversal where the motion for new trial does not show that there was such evidence.

**2.—Telegraph—Special Damages—Notice.**

Where damages were sought for loss of profits on a contract which plaintiff was prevented from making by error in the transmission of a message which, correctly sent, would have enabled him to procure the money to close it, knowledge from known. circumstances or from the contents of the message that plaintiff had immediate use for the money in some business transaction was sufficient to render defendant liable for such special damages.

**3.—Same—Pleading.**

It was not necessary that plaintiff should set out in his pleading the details of a proposed purchase of cattle, on which he claimed damages for being prevented from concluding it by negligence of defendant in transmitting a message which would have enabled him to procure the necessary money therefor. See pleading held sufficient in this respect.

**4.—Evidence—Loss of Business Credit.**

Evidence considered and held insufficient to warrant the submission of loss of business credit by plaintiff as an element of damages.

**5.—Same—Excessive Verdict.**

Where the damages were excessive unless recovery for loss of business credit was considered as an element by the jury, the submission of such damages on insufficient evidence must be cause for reversal.

Appeal from the County Court of Milam County. Tried below before Hon. John Watson.

*N. L. Lindsley (Geo. H. Fearons,* of counsel), for appellant.

*U. S. Hearrell,* for appellees.

RICE, ASSOCIATE JUSTICE.—It appears from the evidence that J. L. Robertson, a member of the firm of Robertson Bros. cattle buyers, on the 16th of April, 1909, had contracted to purchase a certain lot of cattle at Silsbee, Texas, which he intended to ship to Cameron, Texas, for sale; that in order to pay for same, it became necessary for him to do so by check on the Iola State Bank, and that for this purpose he caused the Silsbee State Bank to send a telegram to the Iola State Bank, asking whether they would honor the check of Robertson Bros. for $2000; that in reply to said message the Iola State Bank filed with appellant's agent at said place a telegram, addressed to the Silsbee State Bank, stating that they would honor Robertson Bros. check for $2000, but, on account of an error in transmission, said telegram when received at Silsbee, read: "Will honor Robertson Brothers check for

$200." That upon receipt of this message, said J. L. Robertson, believing that there was a mistake therein, requested appellant's agent at Silsbee to repeat the message, offering to pay the charge therefor. Said agent, however, declined to do so, on the ground that it had already repeated the message and that said $200 was reported correct by the Beaumont agent of said company; that on account of said mistake in said message appellee was unable to pay for the cattle he had contracted for, whereby he suffered loss in profits that he would otherwise have made, and the credit and standing of said firm at Silsbee was injured and impaired, and this suit was brought to recover damages therefor.

Appellant answered by general and special exceptions, a general denial, pleas of contributory negligence on the part of plaintiffs; that the damages claimed were too remote, and that the defendant had no notice of the expected profits which plaintiffs claimed they would have made.

A jury trial resulted in a verdict and judgment in behalf of appellees for the sum of $400, from which judgment this appeal is prosecuted.

The first error assigned complains of the action of the court in overruling defendant's first application for a continuance. This application was asked on the ground of surprise at the new matter set up in appellee's amended petition to the effect that when plaintiff was shown the incorrect telegram he went to defendant's operator at Silsbee and stated that there was a mistake in the message, claiming that the same should have read $2000 instead of $200, and offered to pay the necessary charge to have the same repeated, but that the agent replied that she had already repeated the message, and that it was useless to do so again. The application further recited that this amended petition was handed to the defendant's attorneys on October 11, 1909, the day this case was set for trial, but was not filed until the 13th of October, the day before the case was tried. It also recited that the defendant had made all efforts in its power to secure the evidence made necessary in its behalf by this amendment, but had been unable to do so, and that it could not go safely to trial without such evidence. The court approved the bill with certain qualifications, which we deem unnecessary to state. It will be noted that this application wholly fails to state that appellant has in its possession or knows of any evidence that will refute the matters set up in plaintiffs' amended petition, except by mere inference. This is not a statutory but an equitable application, and we think it was necessary to show therein by apt averment that there was evidence which it could obtain by postponement of the trial, going to negative and contradict the matters set up in plaintiffs' amended petition, and that a failure to do so rendered the application bad, and that the court was correct in overruling the same. It is not sufficient to allege in an application for a continuance that the party is merely surprised at the matters set up in the amended pleading, but it must go further and show that he has a meritorious defense to the action, asking for time to procure the evidence to establish the same. See Cummings

v. Rice & Nichols, 9 Texas, 527; Fisk v. Miller, 13 Texas, 225; Cowan v. Williams, 49 Texas, 380; Central & M. R. Co. v. Henning, 52 Texas, 466; Blum v. Mayes, 1 App. C. C. (White & W.), sec. 476. In this connection it may be well to observe that, notwithstanding the fact that the trial was had and the judgment rendered on the 14th of October, and the motion for new trial was not overruled until the 23d of October, yet it is not shown in said motion, or amended motion for new trial, that defendant had a meritorious defense to said cause of action, or that it had evidence whereby it could refute the matters set up in plaintiffs' amended petition, for which reason we are strengthened in our belief that defendant was not injured by the ruling of the court in refusing to grant the continuance sought.

By the second assignment it is claimed that the court erred in overruling defendant's general demurrer to the amended petition, urging that the damages set up therein were not such as were within the contemplation of the parties at the time that the contract was made. We think that the allegations of the petition as well as the contents of the message are sufficient to show that the defendant had knowledge of the importance of the telegram, and that the plaintiffs were interested in the check therein mentioned and had immediate use for the money for some business purpose or transaction, which was all that was necessary. In discussing a similar question, it is said by Chief Justice James in Western Union Tel. Co. v. Houston Rice Mill Co., 93 S. W., 1085, that "Our decisions and those generally prevailing elsewhere are to the effect that while it is not essential that the Company should have explicit information of the character of the telegram, and of the consequences involved in its failure to perform its duty, still, it must be apprised in some way, either from the wording of the telegram or from information imparted to it by the sender, or from the circumstances, that its failure to transmit or deliver it with dispatch will probably occasion some injury or loss. It is sufficient, however, if the message indicates or suggests that it has reference to a matter from which such consequences may result from its non-delivery." Citing in support of this doctrine Tel. Co. v. Turner, 94 Texas, 309, 60 S. W., 432; Tel. Co. v. Adams, 75 Texas, 535, 12 S. W., 857, 6 L. R. A., 844, 16 Am. St. Rep., 920; Tel. Co. v. Nagle, 11 Texas Civ. App., 540, 32 S. W., 707. We think the court was correct in refusing to sustain defendant's demurrer, and overrule the above assignment.

For similar reasons we overrule the third assignment, which complains of the refusal of the court to sustain defendant's special exception to the petition, on the ground that it fails to set out the details of the cattle transaction. The petition does state the number of cattle purchased, the amount paid therefor, and alleges that plaintiffs lost as profits, by reason of said mistake in the telegram, from $2.50 to $5.00 per head thereon. This, in our judgment, was sufficient.

It is urged by appropriate assignment that the court erred in submitting the issue as to whether or not plaintiffs suffered injury to their

reputation and credit as business men, by reason of the alleged mistake in the transmission of said message. It seems that plaintiffs were strangers in the town of Silsbee at the time of the sending of the message, and that in order to buy cattle at all, they were compelled to have the endorsement of their home bank, and had no established reputation for credit as business men at said point. It further appears that their reputation was not affected at all at home by reason of this transaction, and one of the plaintiffs testified that he could buy cattle in Silsbee just as well after this transaction as he could before with the endorsement of his bank. We think this evidence was not sufficient to raise the issue of injury or impairment to plaintiffs' credit or reputation as business men, and that the court erred in submitting the issue to the jury.

We are unable to say what amount of damage the jury, under this charge, allowed plaintiffs on account of injury to their credit and standing as business men; and as the verdict, if it failed to include damages for this phase of the case, is excessive, since the evidence does not show that plaintiffs were injured to the extent of $400 in loss of profits on the cattle contracted for, it becomes our duty to sustain this assignment and hold that the verdict is excessive. For which reason the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*