CITY OF TEXARKANA v. WILLIAMS.†

(Court of Civil Appeals of Texas. Texarkana. March 28, 1912. Rehearing Denied April 18, 1912.)

1. CONTINUANCE (§ 14*) — TIME FOR TRIAL AND CONTINUANCE — GROUNDS — SURPRISE.

In an action against a city for personal injuries, plaintiff, after announcement of ready for trial, was permitted to file an amendment enlarging the first allegation as to the city's negligence, and defendant then moved for a continuance upon the ground of surprise, without showing that it had a defense to the matter set up in the trial amendment that could be proved by witnesses not in attendance. Held, that there was no abuse of discretion in denying the motion.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 25, 99–112; Dec. Dig. § 14.*]

2. TRIAL (§ 252*)—INSTRUCTIONS—EVIDENCE TO SUPPORT.

In an action against a city for injuries alleged to have resulted from its negligence in permitting a pile of gravel to remain in a street unguarded, where the plaintiff testified that there was no light there at the time of the injury, and there was no evidence that a light, alleged to have been put out by another person as warning of work being there done by him, was burning at the time of the injury, an instruction on plaintiff's contributory negligence in not heeding the signal was not called for by the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

3. MUNICIPAL CORPORATIONS (§ 821*)—DEFECT IN STREET — ACTION FOR INJURIES — QUESTION FOR JURY.

On evidence in an action against a city for personal injuries alleged to have resulted from its negligence in allowing a large pile of gravel to stand in a street unguarded, held, that the question of the city's negligence was for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

Appeal from District Court, Bowie County; P. A. Turner, Judge.

Action by Y. D. Williams against the City of Texarkana, Tex. Judgment for plaintiff, and defendant appeals. Affirmed.

On the night of November 3, 1910, about 7:30 p. m., while appellee was traveling on Maple street, going north, riding horseback in a slow lope, his horse ran into a large pile of gravel which had been placed by the city in the street, and was thereby caused to stumble and fall, and threw appellee over his head, and on the pile of gravel, breaking his right arm and otherwise painfully and permanently injuring him. He sued the city for damages, charging negligence in placing upon and permitting the pile of gravel to remain in the street without guarding or placing lights upon or near same to warn and prevent those traveling in the street in the nighttime from running into or falling over the gravel. The city answered by general denial and plea of contributory negligence. The evidence shows that Maple and Fourth streets are prominent and frequently traveled streets of the city, crossing at right angles. About October 1, 1910, the city placed in the intersection or crossing of Fourth and Maple streets a large pile of washed gravel about 18 or 20 feet long, 5 or 6 feet wide, and about 15 to 20 inches high in the middle. The pile of gravel extended lengthwise into Maple street and at right angles with it a distance of 15 or 16 feet west, or about one-half the width of the street from the east curb line of said street, and was composed of natural stones ranging from small to large ones the size of a hen egg and larger. The gravel was placed there by the city for convenience in later use upon the streets. The city had permitted the pile of gravel to remain in the street in the same condition from the time it was placed there up to the night when appellee was injured without any guard or warning lights at night placed thereon. No officer or employé of the appellant testified to any reason why the pile of gravel had not been guarded or lights placed thereon, or some warning given of its presence, so as to warn persons who might use the street at night of the presence and location of the pile of gravel. When the appellee was injured, there were no guards around the pile of gravel, and there were no lights of warning upon it. The night was dark. The evidence shows that appellee did not know of the presence of the gravel in the street, and the gravel pile could not easily be seen on a dark night. The city offered testimony

to show that the contractor erecting a federal building near Fourth street had in the early part of the night appellee was injured hung out a red lantern near the curb at the corner of Maple and Fourth streets as a warning of some particular work there being done by such contractor. This work of the contractor and the hanging out of the lantern were the sole independent work and act of the contractor, and he had no connection with the city or the city work. There is no evidence that the lantern placed near the curb was burning at the time of the injury. The appellee offered testimony to show that there was no red light burning at the time of his injury. The verdict of the jury involves a finding against the city on all issues of fact; and such finding is supported by the evidence, and is sustained and here adopted.

Rodgers & Dorough, of Texarkana, for appellant. Hart, Mahaffey & Thomas, of Texarkana, for appellee.

LEVY, J. (after stating the facts as above). [1] After the announcement of ready for trial, the appellee asked permission of the court to file a trial amendment to the petition. The court, over appellant's objection, permitted the amendment to be filed. Thereupon appellant asked to be permitted to withdraw its announcement of ready and to be granted a postponement or continuance upon the ground of surprise. It is not suggested in the bill of exception or in the record that any injury resulted on account of the court's action. The amendment was simply an enlargement of the first allegation to the effect that the city had permitted the gravel to remain in the street for a long and unnecessary time, and was guilty of negligence in failing to guard the gravel so as to prevent travelers in the street in the nighttime from running into or falling over it. It is admitted by the proof, and no claim is made to the contrary, that the pile of gravel constituted a dangerous obstruction in the street at night, and that the city never at any time placed a guard or protection of any kind around or near the pile of gravel permitted to remain in the street; further, the only reason set up in the motion to postpone or continue was that appellant was surprised. The mere fact that appellant was surprised, without further showing that it had a defense to the matter set up in the trial amendment that could be proved by witnesses not in attendance, would not be sufficient grounds for continuance. Cummings et al. v. Rice & Nichols, 9 Tex. 527. In the absence of such showing, as here, it could not be said that the court abused the discretion allowed him in such matters. The first and second assignments are therefore overruled.

[2] The third assignment complains of the refusal to give a special charge to the effect that if the red lantern put out by the contractor of the federal building on the curb at Fourth and Maple streets was sufficient to warn of the gravel pile in the street, and appellee negligently failed to heed the warning, he could not recover. There is testimony offered by appellant that the contractor had put a red lantern on a wooden sawhorse at the curb of Maple and Fourth streets at 5:45 o'clock p. m. for the purpose of giving warning of the work engaged in by the contractor himself. The lantern hung some 3 or 4 feet from the gravel pile of the city, but was some 12 or 14 feet from the point of injury. There is no suggestion in the testimony as to the size or brilliancy or lighting power of the lantern, or its condition or efficiency. The testimony of appellee was positive that at the time of the injury he did not see any red lantern or light, and that there was no light there at the time. Brown, an eyewitness and the only person besides appellee present at the injury, corroborates the fact that there was no light burning there at the time of the injury. So, admitting that the contractor had put out a lighted red lantern at early dark, still in the proof it could not be said that it was burning several hours afterwards, as against the affirmative proof to the contrary. There being no circumstances contradicting or conflicting with the proof that the lantern was not burning at the time of the injury, and appellee not knowing of the presence of the lantern or the pile of gravel in the street, there was not presented by the evidence the particular issue of contributory negligence in not heeding the signal called for in the charge.

The fourth and fifth assignments predicate error in the court's charge in failing to submit to the consideration of the jury the sufficiency of the red lantern as a warning of the pile of gravel in the street as bearing upon the question of negligence vel non on the part of the city. There was no error; for, as stated above in regard to the preceding assignment, there was no evidence that the lantern was lighted at the time of the injury and of its sufficiency to warn persons of the presence of the gravel.

If any such rule existed and was enforced on the streets as contended for by appellant in the special charge refused, there is no pretense in the evidence that appellee ever knew of the rule, and the sixth assignment is overruled.

[3] The seventh assignment complains of the refusal to give a requested peremptory instruction to the jury. The evidence fully establishes that the city through its authorized employés placed and allowed to remain in the street for about a month before the injury an obstruction that was dangerous at night as placed there, and, as admitted in the proof, without any care having been taken to either guard the same or put out

lights or properly otherwise see that in some sufficient way persons who might use the street at night were warned of its presence or location. The court properly passed the question of negligence to the jury. City of Galveston v. Posnainsky, 62 Tex. 118, 50 Am. Rep. 517; City of Houston v. Isaacks, 68 Tex. 116, 3 S. W. 693; Klein v. City of Dallas, 71 Tex. 280, 8 S. W. 90.

The judgment is affirmed.