WESTERN WAREHOUSE CO. v. FLYNT.
(Court of Civil Appeals of Texas. Amarillo.
June 22, 1912.)

1. CONTINUANCE (§ 37*) — SHOWING AS TO
MERITS.
  Refusal of continuance is not error, the motion, as a whole, failing to show any meritorious defense, besides not being legally sworn to, the swearing being by counsel before himself.
  [Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 117–121, 127; Dec. Dig. § 37.*]

2. ATTACHMENT (§ 232*) — QUASHING —
GROUNDS.
  Though the petition in the action fails to allege specifically that the debt is past due, refusal to quash the attachment process is not error; the affidavit for attachment, made and filed the same day as the petition, expressly stating it was past due.
  [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 796, 797, 803; Dec. Dig. § 232.*]

Appeal from Wheeler County Court; J. B. Reynolds, Judge.

Action by W. O. Flynt against the Western Warehouse Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker & Sanders, of Canadian, for appellant. M. Reynolds, of Wheeler, and Barrett & Jones, of Amarillo, for appellee.

GRAHAM, C. J. This appeal is from a judgment rendered in the county court of Wheeler county on November 30, 1911, in favor of appellee and against appellant for the sum of $366, with 6 per cent. interest thereon from October 15, 1911, and foreclosing an attachment lien on certain personal property. The record shows that on October 14, 1911, appellee filed suit against appellant for the alleged contract price of certain broom corn, alleged by appellee to have been sold and delivered to appellant, and on the same day appellee filed affidavit and bond for attachment, on which a writ of attachment was on that day issued and executed by levying upon the personal property on which the attachment lien was foreclosed when the final judgment was rendered. The record also shows that the appellant was at all times a nonresident corporation, and that on November 6, 1911, a notice to serve nonresidents, as provided by our statute, was issued, and that same was duly and legally served on November 13, 1911. The record also shows that on November 3, 1911, a por-

tion of the property levied on under the writ of attachment was duly and legally replevied by appellant as provided by law in such cases, and that on November 28, 1911, appellant filed its original answer in this cause, consisting of a general demurrer, special exceptions, and a general denial. On November 30, 1911, appellee filed his first amended original petition, wherein specific allegations were made of facts showing that the debt sued on was past due when the suit was filed, the original petition having been a little indefinite on this point, though the affidavit for attachment, which was filed the same day as the original petition, did expressly state that the indebtedness was past due. Appellant filed and urged its motion to quash the attachment process, which being overruled, it also filed and urged its motion for a continuance, which was also overruled, and judgment was rendered as first herein indicated.

[1] Appellant submits the case in this court on two assignments of error, the first being to the effect that the trial court erred in overruling its motion for a continuance.

We think there was no error committed by the trial court in overruling the motion for a continuance for the reasons that the same, taken as a whole, fails to show that appellant had any meritorious defense to the cause of action sued on; in fact, the motion for a continuance does not specify any absent testimony on which appellant relied for a defense; and, aside from this, the motion for a continuance itself is not legally sworn to, in that it purports to have been sworn to by one counsel for appellant, and the affidavit thereto shows upon its face to have been sworn to by counsel himself, before himself.

There is an effort made in the motion to show that appellant's counsel had not had a reasonable time within which to ascertain what the real defenses of appellant were, and that for that reason a strictly legal showing for a continuance could not be made.

As before stated, we think, when considered in the light of the entire record, the trial court did not err in overruling the motion for a continuance, and therefore the first assignment will be overruled.

[2] Appellant's second and only remaining assignment complains that the trial court erred in failing to quash the attachment process; the ground of the contention being that the original petition failed to allege that the debt sued on was due, while the amended petition shows that the debt sued on was due at the time the suit was filed.

As before stated, the affidavit for attachment, which was made and filed the same day as the original petition, expressly states that the debt was past due.

It is true that the original petition fails to state that the debt was due, or that it was not due; but we think the petition,

when read in the light of the affidavit for attachment, shows that appellee was suing upon a debt that was then past due, and we therefore think the trial court did not err in overruling the motion to quash the attachment process, based upon this contention.

The proof introduced on the trial was amply sufficient to show that the debt sued upon was due when the suit was filed, and, as appellant is presumed to have known what kind of a contract it made in the purchase of the broom corn in controversy, no injustice could have been done appellant by a failure of the appellee in his original petition to allege specifically whether or not the debt was past due.

For the reasons stated, we think the trial court did not err in overruling the motion to quash the attachment process and therefore overrule appellant's second assignment of error.

Believing that no reversible error was committed by the trial court, its judgment will be in all things affirmed, and it is so ordered.