ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. McDERMITT et al. (No. 5442.)

(Court of Civil Appeals of Texas. Austin. Feb. 24, 1915. Rehearing Denied March 24, 1915.)

1. PLEADING ☞248 — AMENDING PETITION — CHANGING COURSE OF ACTION.

Plaintiffs may amend their petition to correctly describe the block of land for injury to which they sue, though they set up a new cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686, 687, 689–706, 708½, 709; Dec. Dig. ☞248.]

2. PLEADING ☞335—DUTY OF DEFENDANT TO TAKE NOTICE—AMENDMENT IN OPEN COURT.

Amendment of petition being filed with leave in open court, after defendant has answered, it has constructive notice thereof when it is filed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1015, 1016; Dec. Dig. ☞335.]

3. CONTINUANCE ☞37—AMENDMENT OF PETITION—APPLICATION.

To justify reversal for refusal of motion for continuance based on surprise in the filing of an amended petition, it must appear that defendant had a meritorious defense, which by continuance could be made to appear.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 117–121, 127; Dec. Dig. ☞37.]

Appeal from Hamilton County Court; J. L. Lewis, Judge.

Action by R. O. McDermitt and another against the St. Louis Southwestern Railway Company of Texas and another. From a judgment for plaintiffs, defendant named appeals. Affirmed.

Marshall Ferguson, of Stephenville, for appellant. Eidson & Eidson, of Hamilton, for appellees.

RICE, J. This suit was brought by R. O. McDermitt and Lena Livingston, a feme sole, against the Stephenville North & South Texas Railway Company and the St. Louis Southwestern Railway Company of Texas, to recover damages to a certain block of land belonging to appellees situated in the town of Hamilton, alleging that said defendants cut a deep, wide ditch along the whole north line of said block so as to materially affect the right of ingress and egress thereto, and so close to the property line as to deprive them of the right to a sidewalk along said line, whereby the value of said block was diminished to the extent of $500.

Appellant, besides a specific denial of each allegation of plaintiffs' petition, except as to said property's being located within the corporate limits of the city of Hamilton (of which fact it claimed to have no knowledge upon which to found a belief in regard thereto), pleaded not guilty of the wrongs and trespasses alleged against it.

A jury trial resulted in a verdict and judgment for plaintiffs against appellant, but the court instructed a verdict in behalf of the Stephenville North & South Texas Railway Company, from which judgment appellant appeals, assigning error on the part of the court: First, in overruling its motion to strike out plaintiff's amended petition; and, second, in overruling appellant's motion to postpone or continue. It appears that appellees in their original petition misdescribed their block of land, stating that it began 60 feet north 71 west from the northwest corner of block 2 of the Rice addition to the town of Hamilton; whereas, in truth and in fact, it began 30 feet south 19 west from the southwest corner of block No. 1 of the Wagner addition to said town, and was in a different part of the town. On the 24th of April, 1914, five days before the trial, but ten days after defendant had filed its answer, appellees, in open court, obtained leave to file, and did file, their amended petition, correcting their original petition in this respect so as to accurately describe the block in question. When the case was called for trial appellant made its motion to strike out this amendment, because it set up a new cause of action, claiming surprise and also filed its motion to postpone or continue for the same reason, both of which motions were overruled by the court, to which appellant excepted. The court, in explaining his ruling on the motion to postpone or continue, stated

that it appeared from the testimony on the hearing thereof that this was the only property owned by appellees in the town of Hamilton, and that appellant knew its location, because its agents had some time before talked with appellees about the block, and had previously had surveying done thereon. It was nowhere made to appear in said motion that the appellant could have shown that the block in question did not, in fact, belong to appellees; nor does it appear that any injury was done it by overruling said motion.

[1, 2] There is no question but what the appellees had the right to amend their petition, in order to correctly describe the block, notwithstanding the fact that it may have set up a new cause of action. The amendment having been filed with leave in open court after appellant had answered, it was charged with a knowledge of its contents from said time, and could not claim surprise, and it is immaterial that it had no actual notice thereof until the night of the 28th of April, it having had constructive notice when the amendment was, in fact, filed. See Tyson v. Bank & Trust Co., 154 S. W. 1055, and cases therein cited.

[3] The court did not err in overruling the motion for continuance, because it does not appear from the record that appellant was injured by reason thereof. The motion was not a statutory, but an equitable, one, and it rested within the discretion of the court to grant or refuse it, as it might see proper. This discretion is not shown to have been abused. Notwithstanding the amendment, it does not appear from the record that appellant could have shown that the block in question did not belong to the appellees. This seems to have been the only question involved in its motion. Where an application to continue is based on the ground of surprise in the filing of an amended petition, it must appear, in order to justify a reversal, that appellant had a meritorious defense, and that by a postponement or continuance of the cause such defense could be made to appear. See Western Union Tel. Co. v. Robertson Bros., 133 S. W. 454.

Finding no reversible error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.