**CITIZENS' MUT. LIFE INS. ASS'N v. MILES.**

**No. 1535.**

Court of Civil Appeals of Texas. Waco.

Dec. 6, 1934.

Rehearing Denied Jan. 10, 1935.

J. C. Lumpkins, of Waxahachie, and Collins & Martin, of Hillsboro, for appellant.

Frazier & Averitte, of Hillsboro, for appellee.

ALEXANDER, Justice.

C. D. Miles brought this suit against the Citizens' Mutual Life Insurance Association, a local mutual aid association of Waxahachie, to recover on an insurance policy or benefit certificate in the sum of $1,100 issued by the defendant on the life of Mrs. Hollie Miles and payable to plaintiff. The verdict of the jury and judgment of the court were for the plaintiff. The defendant appealed.

The Mutual Aid Association defended on the ground that the certificate had lapsed for the failure to pay a certain death assessment within the time provided for by the contract. In this connection it was alleged that the assessment was levied and notice given on October 1, 1932, and that the time for paying same expired on October 22, 1932, and that the insured had not paid said assessment at the time of her death on October 24, 1932. The plaintiff, by supplemental petition filed on the day of trial, denied that notice of such assessment had been given, and further alleged for the first time that the defendant had waived prompt payment of death assessments by certain specified customs and practices.

The defendant filed a motion for continuance on the ground of surprise because of the new matter alleged by plaintiff for the first time on the day of the trial. The motion was overruled, and defendant assigns error. Said motion did not allege that the new matters set up in the supplemental petition were untrue nor that applicant had a meritorious defense nor that, if given time, it would be able to present a good defense thereto. It did not refer to any witnesses or any other source from which it was contemplated that evidence could or would be secured to defeat the new facts so alleged if time should be granted. For these reasons, the application for a continuance was clearly insufficient. 9 Tex. Jur. 687; Western Union Telegraph Co. v. Robertson Bros., 63 Tex. Civ. App. 239, 133 S. W. 454; Western Warehouse Co. v. Flynt (Tex. Civ. App.) 149 S. W. 789; City of Texarkana v. Williams (Tex. Civ. App.) 146 S. W. 333. Moreover, upon the hearing on the motion for new trial, the defendant did not offer to prove that, if it had been given time, it would have been able to secure evidence to defeat the new matters so alleged by the plaintiff. Under these circumstances, we would not be justified in reversing the judgment of the trial court for the failure to grant the motion for a continuance. Texas & N. O. Ry. Co. v. Goldberg, 68 Tex. 685, 688, 5 S. W. 824; St. Louis S. W. Ry. Co. v. McDermitt (Tex. Civ. App.) 175 S. W. 509, par. 3; Gulf Refining Co. v. Rogers (Tex. Civ. App.) 57 S.W.(2d) 183, par. 5.

The court submitted to the jury an issue as to whether or not the insured had paid the assessment for the nonpayment of which the association was pleading a forfeiture, and the jury answered that she had. The defendant contends that there were no pleadings to support the submission of this issue, and assigns as error the action of the court in so submitting the same. It appears that, in answer to other independent issues properly submitted, the jury found that notice of the assessment in question was never given to the insured and that the association, by custom and practice, had waived the prompt payment of such assessments. These latter findings were raised by the pleadings and evidence and were sufficient to support the judgment of the court independent of the jury's finding in answer to the issue complained of. There was nothing suggestive or inflammatory in the manner of the submission of the issue complained of, and therefore we cannot presume that the erroneous submission of this issue in any wise influenced the jury in its answers to the other issues. Since the judgment appealed from is amply supported by the findings of the jury in answer to other independent issues that were properly submitted and since the jury's answers thereto do not appear to have been in any wise influenced by the submission of the issue here complained of, the submission of said alleged improper issue does not require a reversal of the judgment. Schaff v. Morris (Tex. Civ. App.) 227 S. W. 199, 205; Blumrosen v. Burke (Tex. Civ. App.) 37 S.W.(2d) 1070, par. 7, and cases there cited; Brown v. Dallas Gas Co. (Tex. Civ. App.) 42 S.W.(2d) 869, par. 2.

The defendant complains of the refusal of the trial court to sustain a motion for an instructed verdict made by it when plaintiff rested after the introduction of his evi-

dence in chief. After the court overruled the motion, both the defendant and plaintiff introduced further evidence, which was clearly sufficient to carry the case to the jury. The rule is that a defendant, whose motion for an instructed verdict has been overruled, must elect as to whether he will stand on his motion or proceed with the introduction of his evidence. If he pursues the latter course, he waives his motion, and, if thereafter the evidence from all sources when finally concluded is sufficient to raise an issue of fact, the case must be submitted to the jury. This assignment is overruled. 38 Cyc. 1590; 64 C. J. 509; San Antonio Traction Co. v. Kelleher, 48 Tex. Civ. App. 421, 107 S. W. 64; Mound Oil Co. v. F. W. Heitmann Co. (Tex. Civ. App.) 148 S. W. 1187; Grand Temple, etc., v. Johnson (Tex. Civ. App.) 156 S. W. 532; Goggan & Bro. v. Goggan (Tex. Civ. App.) 146 S. W. 968, par. 3; Poling v. Ohio River R. Co., 38 W. Va. 645, 18 S. E. 782, 24 L. R. A. 215; Detroit Crude-Oil Co. v. Grable (C. C. A.) 94 F. 73; Grand Trunk Ry. Co. of Canada v. Cummings, 106 U. S. 700, 1 S. Ct. 493, 27 L. Ed. 266.

We have considered all other assignments of error and find them without merit. The judgment of the trial court is affirmed.