**PACKARD-DALLAS, Inc., v. CARLE.**

No. 11191.

Court of Civil Appeals of Texas. San Antonio.

June 10, 1942.

Rehearing Denied July 8, 1942.

736

Biggers, Baker & Lloyd, of Dallas, for appellant.

Conger & Baskin, of San Antonio, for appellee.

NORVELL, Justice.

Packard-Dallas, Inc., appeals from a judgment rendered against it in favor of Ollie Mae Carle for the sum of $1,150 damages sustained as a result of the sale by appellant to appellee of a secondhand Packard automobile.

The case was submitted to a jury upon special issues and the following facts were either found by the jury or established by undisputed testimony:

On November 29, 1940, Lewis M. Carle, the former husband of appellee, acting in her behalf, entered into an agreement with appellant, acting through one W. G. Rawls, whereby Carle traded appellee's Cadillac automobile worth $650 and paid $1,500 in cash for a Packard twelve-cylinder automobile owned by appellant.

Rawls represented that the Packard had been purchased as a new car by one of appellant's customers in March or April of 1940; that it had not been driven in excess of 3,600 miles; and that said car was in perfect mechanical condition. The jury found that these representations were stated as facts by the said Rawls, as distinguished from opinions; that they were false and made for the purpose of inducing Carle to purchase said automobile. Further, that Carle believed and relied upon such representations; that they were ma-

terial inducements to Carle in purchasing said automobile and except for the same Carle would not have purchased the Packard.

According to the jury, upon the conclusion of the trade Rawls handed Carle a written instrument designated a car order, which Carle signed but did not read, although he was not negligent in this particular. Rawls at the time of the signing of this order held his hand over the fine print portion of the instrument and stated to Carle that it was not necessary for him (Carle) to read the car order because the same was in exact conformity with the representations and statements made by him, the said Rawls, to Carle. The jury found that this representation made by Rawls was false and known by Rawls to be false at the time it was made, but was made for the purpose of inducing Carle to sign the car order. That Carle believed and relied upon said representation and was induced thereby to sign the car order, and except for such representation would not have signed it.

The jury further found that had the Packard automobile been as represented it would have been worth $2,500, whereas its actual value in the condition it was delivered to Carle was only $1,000.

■ This $2,500 finding apparently has no support in the testimony and is seemingly upon an immaterial issue, as the judgment rendered is based upon the George-Hesse rule, i.e., that damages are measured by the difference "between the value of what he (the defrauded party) parted with and what he received under the contract." 27 C.J. 98; George v. Hesse, 100 Tex. 44, 93 S.W. 107, 8 L.R.A.,N.S., 804, 123 Am. St.Rep. 772, 15 Ann.Cas. 456; Morriss-Buick Co. v. Pondrom, 131 Tex. 98, 113 S.W.2d 889.

Appellant's first point asserts that "Lewis M. Carle was not fraudulently induced to execute the written used car order, and the court should have instructed a verdict for the Defendant (appellant) Packard-Dallas, Inc."

The burden of appellant's complaint under the first point is that the jury's findings with reference to the execution of the car order involved are insufficient, as a matter of law, to relieve appellee from the legal effect of various recitations contained therein which, if enforced, would defeat appellee's cause of action. These recitations read as follows:

"The above described automobile (the Packard) is sold by the dealer 'as is.' The Year, model and speedometer reading is not guaranteed on this automobile. This automobile is not guaranteed mechanically or otherwise unless so written in this order and approved by the management of the Dealer * * *. It is further agreed that no representation or agreement made to, by, or between the parties hereto, prior to, or at the time of the acceptance hereof, shall be binding upon either of the parties hereto, unless the same is printed or written in this order. No salesman's verbal agreement is binding on the dealer. All terms and conditions of this sale are expressed in this agreement, and any promises or understanding not herein specified in writing are hereby expressly waived."

■ In Distributors Inv. Co. v. Patton, 130 Tex. 449, 110 S.W.2d 47, 48, it is said that "Fraud will vitiate an 'as is' contract, but the character of fraud necessary to vitiate such a contract is some representation, trick, artifice, or device which prevents the coming into existence of any valid contract at all." Here the jury found that such device or trick had been employed in securing Carle's signature to the car order involved. It follows that neither, he nor his principal, the appellee, can be bound by the recitations above set out. Appellant's first point is overruled. Black v. Mosk Clothes Shop, Inc., Tex.Civ.App., 99 S.W.2d 343, and authorities therein cited.

By its second point appellant contends that "the proof conclusively shows that the defendant (appellant) did not make any false representations of material facts regarding the Packard automobile and the court should have instructed a verdict for Packard-Dallas, Inc."

■ Appellant's argument under this point presents two contentions. It is insisted that the representations found by the jury to have been made by Rawls were representations as to matters of opinion, sales talk, and not representations of fact. This is in effect an attack upon the jury's finding that such representations were made as to matters of fact and not stated as matters of opinion. Whether a particular representation is one of fact or opinion is often a matter for jury determination. It is so in this case. The trial court properly submitted the matter to the jury and its finding is binding here.

It appears that in order to secure the $1,500 for the cash payment involved in the trade, appellee procured a loan from the Guaranty Finance Company. She and Lewis M. Carle executed a chattel mortgage to one Henry Terrell, who in turn transferred it to the Finance Company. This mortgage contained the following recitation: "The Mortgagor has bought the above described property after inspection, and the mortgagee has made no representations or warranties concerning same, other than the warranty of title set forth in the bill of sale conferring the ownership of said property from the Mortgagee to Mortgagor."

Appellant was not a party to this contract. Henry Terrell, the mortgagee named therein, had not sold the automobile to Carle, although he was instrumental in bringing Carle and Rawls together.

■ Under these circumstances, the recitation above set out does not conclusively establish that no false representations were made concerning the automobile, or that appellee had waived any right that might accrue to her assuming that such representations had in fact been made. Appellant's second point is overruled.

■ We also overrule appellant's third point, which complains of the trial court's permitting appellee to file a trial amendment. This is a matter within the discretion of the trial court, Rule 66, Rules of Civil Procedure, and no abuse of discretion is shown.

Appellant's fourth point, in effect, asserts that the jury's finding that the Packard automobile had a value of $1,000 at the time of its delivery to appellee is without support in the testimony.

Only one witness, O. A. Gladwin, attempted to testify as to such value. He was shown to have been an experienced used car salesman. In answer to a hypothetical question, which assumed that the representations concerning the car, alleged to have been made by Rawls, had been true, he testified that the Packard car at the time of its purchase by Carle would, in his opinion, have a value of "from $1000.00 to $1200.00."

In answer to another hypothetical question, which assumed that the car was defective in the various particulars alleged by appellee, this witness stated that from his estimate above given he "would deduct the Packard Motor Company's flat rate repair deduction to make my price to do the necessary repairs to put the automobile in first class sales condition, deduct it from my appraisal price of the automobile."

Although the record indicates that appellee expended a considerable amount of money on repairs, we need not determine whether such evidence could properly be considered in connection with that of Gladwin or not.

■ If we consider Gladwin's testimony in answer to the second hypothetical question as stating no more than that, in his opinion, the Packard at the time of its delivery to Carle in its then condition had a value of somewhat less than "$1200.00 to $1000.00," a jury finding of a value of $1,000 has support in the evidence. Had the jury found a value in excess of $1,200 or less than $1,000 a different question would be presented. Appellant's fourth point is overruled.

■ We overrule appellant's fifth point, which asserts "The trial court committed error in the submission of Special Issues Numbers 5, 12, 19 and 27 to the jury in the form in which they were submitted, because each of such issues inquired as to whether Carle both 'believed' and 'relied on,' allowing and requiring the jury to give either a single 'yes' or 'no' answer to both statements; whereas, an affirmative finding on each 'believed' and 'relied on' is necessary to support Plaintiff's (appellee's) cause of action, and the issues as submitted are multifarious."

Appellant's sixth and last point contending that the trial court commented upon the weight of evidence in the charge is not well taken and is accordingly overruled.

No reversible error being shown, the judgment of the trial court is affirmed.