**LAIRD v. BROWN.**

No. 11974.

Court of Civil Appeals of Texas. Galveston.

April 1, 1948.

Nat Friedman, of Houston, for appellant.

Barkley, Pardue & Tigner, and K. C. Barkley all of Houston, for appellee.

GRAVES, Justice.

This appeal is from a $950.00 judgment in favor of the appellee Brown against the appellant Laird, rendered by the 129th District Court of Harris County, sitting without a jury, as for overcharges it found appellee had paid appellant for a second-hand Tudor Ford Sedan automobile purchased by the former from the latter, at a price in excess of the Price Regulation No. 540, issued under the Emergency Price Control Act of 1942, as amended, 56 Stat. 23, 50 U. S.C.A.Appendix, § 901 et seq.

The trial court supported its judgment by findings of fact and conclusions of law, the most material of which, for the purposes of the appeal, being these:

The parties stipulated that the ceiling price, as fixed by the OPA Regulation, under the Emergency Price Control Act, was $1,082.00, and that appellee owed also, in addition, the sales tax due the State of Texas, of $10.82.

That Brown paid to Laird for said car, part payment in cash and by check, which was cashed, $715.00.

As a part of the consideration for the car, Brown gave to Laird an installment note, secured by mortgage on the car due in fifteen monthly equal installments, without interest, for a total of $951.00.

That, discounting this note at the highest rate of interest permitted by law in the State of Texas, would have made that payment, if paid in cash, $891.57.

That Brown purchased this car for his own personal and family use, and not to use or sell in the course of trade or business.

That Laird intentionally charged Brown over the ceiling price.

That Brown is entitled to recover from Laird his reasonable attorney's fees, which both parties stipulated should be awarded by the court, without the introduction of evidence with reference thereto.

I find that, in addition to damages, Brown is entitled to recover attorney's fee of $200.00.

That the amount of the overcharge was $472.50, and that three times the amount of the overcharge would be $1,427.50.

Having the discretion to assess the amount of damages at anything between the single amount of the overcharge and three times the amount of the overcharge, I assess Brown's damage at $750.00.

That Laird sold the installment note, secured by mortgage on said car, to the Associates Investment Company.

That Brown paid to the Associates Investment Company each of the installments on said note on the due date.

That the instruments which Laird had Brown and his stepfather, J. B. Pigniolo, execute, were designed by Laird to give a legal form to a violation of the law in selling said Ford automobile to Brown at above the ceiling price, and did not reflect the true facts.

Conclusions of Law

I conclude, as a matter of law, that Brown is entitled to recover from Laird, any amount, as determined by the Court, between $472.50, the single overcharge, and three times the amount of the overcharge, or $1,427.50, and, in addition thereto, Brown is entitled, as a matter of law, to recover from Laird his reasonable attorney's fees.

The substance of appellant's points-of-error in this Court is as follows:

(1) The court erred in excluding evidence as to the net amount of money, which appellant received from a finance company for the note executed by appellee as part of the price of the automobile, and as to the portion of said note which represented finance charges and did not constitute a part of the price of the automobile;

(2) The court erred in admitting and considering parol evidence as to the selling price of the automobile, in variance of the terms of the written contract, because the written contract setting forth the full consideration to be paid was executed prior to and was in full force and effect at the time of the alleged parol transactions in variance thereof;

(3) The court erred in rendering judgment against appellant for attorney's fee and penalties, under the Price Control Act, because appellee was not required to pay more that the OPA ceiling by the written contract of the parties;

(4) The court erred in rendering judgment for appellee, because appellee failed to prove that appellant's agent was authorized to demand or receive any payment in excess of the OPA ceiling price, or that appellant ever received any such excess price;

(5) The court erred in permitting a trial amendment, after plaintiff had rested, and in then refusing to grant a postponement or continuance, to enable defendant to meet the issues raised by the amendment.

In the state of the record brought here, it is determined that none of these presentments should be sustained; this, upon considerations that may be thus outlined:

In the first place, as the findings recite, the parties agreed upon these three things, which form premises for the court's judgment, to-wit: (1) That the ceiling price for the automobile so sold, as fixed by the OPA Regulation, was $1082.00; (2) That the sales tax due the State of Texas upon the car was $10.82, totalling $1092.82; (3) That the trial court, in the event of a judgment for the seller against the buyer, should fix a reasonable attorney's fee applicable under the Act, without evidence being offered thereon. Thus, those detailed items were removed from the controversy, leaving no matter of fact remaining for the trial court's determination, except whether or not such ceiling price had been exceeded, and if so, in what amount.

In the second place, none of the court's findings of fact have been successfully attacked by the appellant; so that its arrival at the statement of the account between the parties, in substance, was this:

"Appellant Laird received in payment for the automobile from Appellee Brown the following:

"Cash paid, $415.00; his mother's check, cashed by Appellant, $300.00; Appellee's note, also signed by his stepfather and secured by a mortgage on the car, for $951.00, due in fifteen (15) equal monthly-installments, without interest.

"Allowing Ten (10%) Per cent discount on this note, being the highest rate of interest permitted by law, would make it equivalent to a cash payment of $891.57, making a total received by Appellant from Appellee for the car, of cash, or its equivalent, $1,606.57. Deducting the agreed ceiling-price and agreed tax of $1,092.82, and insurance of $31.25, or a total of $1,124.07, makes the overcharge $472.50. Three times this overcharge would be $1,427.50."

It thus appears that appellant accepted in part payment for the car, the appellee's note secured by a chattel mortgage thereon, for the sum of $951.00 bearing no interest, and that, acting on his own, he sold this note to a finance company, but that the appellee, having had nothing to do with such sale, had to and did pay the note in full in the installments it carried, to the appellant's purchaser of it; wherefore, whatever appellant sold it for became immaterial as affects the appellee, since that, together with the other sums he so paid out, constituted the total amount the trial court clearly held that he had so been charged for the car by the appellant; that is, $1427.50.

This consideration discloses the fallacy inhering in appellant's position, wherein he so earnestly argues—throughout his brief— that he could only be charged with the amount of money he actually got for the car; that is, since the finance company only

paid him $721.00 for the note, he could not be charged with any more. Upon that feature this Court finds this case to be materially different on the facts from Pioneer Motors, Inc. v. Thomas, Tex.Sup., 206 S.W. 2d 591, 592, cited and relied upon by appellant; there the purchaser, Versie Thomas, "could not pay all cash and arranged with an auto finance company to carry the deferred amount." See Id., Tex.Civ.App., 203 S.W.2d 325, 326, 327.

■ As concerns appellant's complaints against the trial court's action in admitting and considering parol evidence in its efforts to get at what the actual selling price of the automobile was, under his contention that there was a written contract between these parties setting forth the full consideration for the car, which the trial court could not go behind, they are all overruled, under the conclusion that no such contract could have impaired the validity of the OPA Statute; Gorman v. Gause, Tex.Com. App., 56 S.W.2d 855; Porter v. Crawford & Doherty Foundry Company, 9 Cir., 154 F.2d 431 to 435; Texas Jurisprudence, Volume 10, Section 107, Page 185; American Jurisprudence, Volume 12, Section 166, Page 661.

■ Furthermore, the court, since the appellee alleged the true consideration was not reflected by these claimed written instruments, had ample authority for going behind them to get at the real facts. Higgins v. Mossler, Acceptance Company, Tex. Civ.App., 140 S.W.2d 532, 536, writ of error refused; Mossler Acceptance Company v. Baker, Tex.Civ.App., 149 S.W.2d 1016 to 1018.

■ The trial court committed no error, under well-settled authorities, in permitting the appellee to file a trial amendment to his pleadings, after he had first rested, without giving the appellant a postponement or continuance so as to enable him to meet the issues therein raised; because such action was well within the discretion of the court, and no circumstances are adduced to justify the denial of such authority in this instance. Rule 66, Texas Rules of Civil Procedure; Packard-Dallas, Inc., v. Carle, Tex.Civ.App., 163 S.W.2d 735-738; Wohlfeld v. Short, Tex.Civ.App., 197 S.W.2d 170.

Indeed, it appears from the record that the leave to file such trial amendment here was given in response to appellant's objection in the course of the trial that, if he gave a legal form to the transaction in the written instruments that had been executed, he was thereby protected from having a violation of the law visited upon him, unless the appellee could plead and prove fraud, accident, or a mistake. This position, as indicated supra, has been decided adversely to appellant's contention, as the authorities there cited determine.

The appellee, in turn, has presented a cross-assignment, contending as follows:

"The Court erred in failing to give Appellee Judgment for three times the overcharge of four hundred seventy-two and 50/100 ($472.50) dollars, as shown in Conclusions of Law." Shearer v. Porter, 8 Cir., 155 F.2d 77 to 82.

■ This assignment is overruled without discussion, upon the holding that the trial court, as recited in its conclusions of law, was correct in determining that it had the right, under the OPA Statute, to award the appellee any amount the court determined to be just and proper, between the $472.50 of single overcharge, and the aggregate $1427.50 for three times that amount. Section 925(e) (1), 50 U.S.C.A. Appendix.

Since the statute gave that discretion to the court, it is not reviewable here.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.