**TEXAS EMPLOYERS INS. ASS'N**

v.

**SANDERS.**

No. 6718.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 11, 1954.

Rehearing Denied March 11, 1954.

Ramey, Calhoun, Brelsford & Hull, Tyler, for appellant.

Gordon R. Wellborn, Henderson, for appellee.

HALL, Chief Justice.

This action was brought by appellant against appellee to recover $1,041.81 for alleged unpaid premiums accruing over a period from October 15, 1947, to March 27, 1949.

Upon the jury's answer to the single issue submitted judgment was entered for appellee and that appellant take nothing.

The only point brought forward is: "The error of the court in overruling plaintiff's motion for a new trial because of the court's not granting plaintiff's motion for continuance on the ground of surprise, when at the close of all the evidence and both parties had rested their cases, the court permitted the defendant to file a trial amendment to his pleadings, alleging for the first time a partnership arrangement or agreement between the defendant, Hardy Sanders, and his son, Durwood Sanders, in

the ownership of the Gisler crosstie mill in Panola County."

Appellee carried workmen's compensation insurance with appellant from October 15, 1947, to March 27, 1949, at which time the policy was cancelled by appellee. During this period the facts show that appellee owned and operated a sawmill, lumber yard and planing mill, hereafter referred to as sawmill, at Tatum, Rusk County, Texas, and during the same time he also owned a crosstie mill in partnership with his son, Durwood Sanders, in Panola County, some six miles distant from the sawmill. Durwood operated the crosstie mill and appellee operated the sawmill. The son kept the time of the laborers of the partnership crosstie mill. All of the bookkeeping with reference to the crosstie mill and the sawmill was maintained at the office of the sawmill, and all of the office work, such as paying bills and keeping the books for both enterprises, was performed by appellee's wife. All reports were compiled at the sawmill office and filed with the Texas Employment Commission. These reports covered the number of employees of both the sawmill and crosstie mill, and all remittances of payroll tax covering the employees of both enterprises were paid from the office at the sawmill. It is the contention of appellant that the policy by its terms covered the employees of both the sawmill and the partnership crosstie mill, and this suit is for premiums claimed to be due for the employees of the crosstie mill. Hardy Sanders, Durwood Sanders and Mrs. Sanders (wife of appellee) all testified that the crosstie mill was owned jointly by appellee and his son, Durwood Sanders, on a fifty-fifty basis. Appellee purchased the crosstie mill and told his son Durwood that he could run it and pay him the purchase price for same and it would be his. After about two years' operation the crosstie mill worked up all the tie-timber in its territory and proved not to be a paying enterprise. It was closed down and the machinery "stacked."

Appellee, Hardy Sanders, testified without objection that he discussed with appellant's agent the setup of his business and told the agent that "it (crosstie mill) wasn't capable of carrying insurance, it would not pay off and I didn't think the boy could make a go of it but I was going to give him a chance and let him try it but that I couldn't carry insurance." This witness testified further that he never knew of appellant having a "safety meeting" at the crosstie mill. He testified further that "about every three months they (insurance people) would have a safety unit come by and examine the stairways at the mill (sawmill), all the equipment, see that all of the safety boards were over belts, and so on and so forth to prevent accidents." Appellee testified further that there were several minor injuries to the employees at the crosstie mill which were paid for by him and no claim was ever filed against appellant for any injuries that happened at the crosstie mill.

Before the case went to the jury appellant and appellee by permission of the court each filed trial amendments—that of appellant to properly state the amount of its claim and that of appellee to allege the partnership between appellee and his son Durwood with respect to the crosstie mill. As shown by appellant's point set out above the action of the trial court in not granting plaintiff's (appellant's) motion for continuance on the ground of surprise and permitting appellee to file a trial amendment to his pleadings alleging a partnership, etc., forms the basis of this appeal.

Rule 66, T.R.C.P., covering trial amendments, reads: "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, or if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits. The court may

grant a postponement to enable the objecting party to meet such evidence."

No motion for postponement or continuance is on file in the record. Appellant in its brief states that it made a motion for continuance on account of surprise by the allegation of partnership between appellee and his son in the ownership and operation of the crosstie mill. The bill of exception allowed by the court and agreed to by appellee states that a motion for continuance by appellant was presented after the filing of appellee's trial amendment. We shall consider this appeal as though a motion to continue was timely filed by appellant. As shown by the bill of exception appellant objected to the action of the trial court in permitting appellee to file his trial amendment and, "then and there moved the court for a continuance of the case until such time as it should have an opportunity to prepare to refute this defense inasmuch as this plaintiff (appellant) had been surprised by the defense, and had no notice or information that such defense would be asserted." The above quotation from the bill of exception constitutes the only information we have as to the contents of the motion for continuance.

█ It must be borne in mind that permitting a party to a suit to file a trial amendment is within the discretion of the trial court and unless the complaining party can show an abuse of discretion the action of the trial court must stand. Packard-Dallas, Inc. v. Carle, Tex.Civ.App., 163 S.W.2d 735, wr. den., w. o. m.; to the same effect is Southwestern Hotel Co. v. Rogers, Tex.Civ.App., 183 S.W.2d 751. See also Laird v. Brown, Tex.Civ.App., 210 S.W.2d 276; Senegar v. La Vaughan, Tex.Civ.App., 230 S.W.2d 311. It is held in the case of Butcher v. Tinkle, Tex.Civ. App., 183 S.W.2d 227, wr. ref., w. o. m., that the application of Rule 66 is left to the discretion of the trial judge and that such discretion must be exercised in favor of amendments in the interest of justice. We do not think the trial court abused his discretion in permitting the filing of the trial amendment by appellee.

█ In addition to the holding above, it is our opinion that the ground of the motion to continue the cause as set out in the bill of exception is insufficient to work a continuance of this cause. The mere allegation of surprise in the motion to continue after the trial court has allowed the filing of a trial amendment by the opposite party is not sufficient ground to sustain said motion. In the early case of Cumming v. Rice & Nichols, 9 Tex. 527, our Supreme Court states that "the mere fact that the defendant was surprised by such an amendment would not of itself be ground for continuance. He should have shown by his affidavit that he had a good defense; that he could prove by witnesses whose attendance was not procured, because not expected to be needed, until after the amendment was made." To the same effect is the City of Texarkana v. Williams, Tex.Civ.App., 146 S.W. 333, wr. ref. See also Citizens Mut. Life Ins. Ass'n v. Miles, Tex.Civ.App., 77 S.W.2d 717; St. Louis Southwestern R. Co. of Texas v. McDermitt, Tex.Civ.App., 175 S.W. 509; Western Union Tel. Co. v. Robertson Bros., 63 Tex.Civ.App. 239, 133 S. W. 454; Western Warehouse Co. v. Flynt, Tex.Civ.App., 149 S.W. 789.

The record shows that the judgment of the trial court was entered on the 21st day of January, 1953, and was filed February 21, 1953. Plaintiff's motion for new trial was filed on February 27, 1953, and was overruled by the trial court on April 1, 1953. During all this time appellant filed no affidavits or introduced no proof of testimony that it had found which would controvert the testimony based upon the trial amendment. The record is absent any witnesses or evidence procured by the appellant during the time that its motion for new trial was on file.

In our opinion the trial court did not err in refusing to grant appellant's motion to continue and was justified under the record here in overruling appellant's motion for a new trial.

The judgment of the court is in all things affirmed.