**HARDWARE MUTUAL CASUALTY COMPANY, Appellant.**

v.

**Ernest HICKS, Appellee.**

**No. 7296.**

Court of Civil Appeals of Texas.

Texarkana.

March 14, 1961.

Ramey, Brelsford, Hull & Flock, by Donald Carroll, Tyler, for appellant.

Law Offices of Gordon R. Wellborn, Henderson, Howard S. Smith, Sulphur Springs, for appellee.

CHADICK, Chief Justice.

This is a Workmen's Compensation Act case. A judgment was entered upon jury findings awarding the injured workman benefits for total and permanent incapacity. The judgment is affirmed.

On the basis of its construction of the unchallenged testimony of a medical witness, the compensation carrier requested

leave to conform the pleadings to the proof by a trial amendment. The tendered amendment plead the curative effects of surgery. And at the same time eight special issues were requested upon the same subject. The trial judge refused to allow the trial amendments or submit the requested issues.

■ The record shows that the compensation carrier did not tender or demand a surgical operation for the injured workman while the workman's claim was pending before the Industrial Accident Board. A demand for a surgical operation in accordance with the provision of Art. 8306, Sec. 12e, is prerequisite to the admission of evidence of the curative effects of surgery in a case appealed from the Board. Truck Insurance Exchange v. Seelbach, Tex., 339 S.W.2d 521; Texas Employers' Insurance Ass'n v. Shelton, Tex., 339 S.W. 2d 519. The amendment and special issues injecting the curative effect question being challenged by objection were properly refused. Sustaining the objection was effective to forestall consideration of an issue improper for determination by the jury.

After the parties announced ready for trial, counsel for the workman advised counsel for the compensation carrier that an addition had been made to an answer given by the workman in his original deposition. At the time the deposition was given the workman in answering a question as to previous injuries had said, "No, that is all". Added was, "while employed by anyone. However, I fell in my bathtub at home several years ago and broke a rib." A motion for continuance was immediately made by the carrier. The original deposition had been taken by agreement and no specified time had been set for its filing. It was not filed until after this change had been brought to counsel's attention, as noted.

Trial was recessed and the compensation carrier took the workman's second deposition. The recess was continued from July 28 to August 1 to permit further investigation and depositions of witnesses that might be discovered in the insurer's investigations. The workman's counsel agreed to waive all formalities and cooperate in any further deposition hearings the insurer desired. A deposition was made by the administrator of the hospital where the workman received treatment for the bathtub injury. Others were scheduled, but cancelled. The application for continuance was renewed, asking for additional time to pursue leads, and to make additional investigation. The court refused the final continuance application.

The transcript shows the jury verdict returned and filed August 1, the judgment entered August 17, and order overruling the amended motion for new trial entered October 20, 1960. During the two months and twenty days that elapsed between judgment and the last order, no effort was made to pursue the investigation desired by the compensation carrier, or, if made, no evidence having relevancy to the case was called to the trial court's attention before the final order.

■ The harm claimed is that the carrier was deprived of opportunity to make a thorough investigation. It is only suggested that favorable evidence of a relevant nature might have been found. The case is controlled by the rule in Traders & General Ins. Co. v. Robinson, Tex.Civ.App., 222 S. W.2d 266, wr. ref. The case in substance says the refusal of a continuance is harmless when there is ample time between the conclusion of the trial proper and final disposition of the case for a reasonable investigation, and the complaining party fails in that period to develop or present to the trial court relevant evidence of a favorable nature produced by the interim investigation. See also Texas Employers Ins. Ass'n v. Sanders, Tex.Civ.App., 265 S.W.2d 219, wr. ref., n. r. e., where a variation of the principal is applied.

The judgment is affirmed.