

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 15, 1962

Honorable Jerry Sadler
Commissioner
General Land Office
Austin, Texas

Opinion No. WW-1467

Re: Whether the Commissioner
of the General Land Office
should collect certain
annual rentals on oil and
gas leases as provided in
such leases, which provi-
sions are in conflict with

Dear Mr. Sadler:

Article 5344, V.C.S.

The 1917 predecessor of Article 5344, Vernon's Civil
Statutes, provided for the payment of $2.00 per acre annual
rental on certain State mineral leases. In 1925, the act was
amended so as to provide, as interpreted by the Texas Supreme
Court in State v. J. M. Huber Corporation, 145 Tex. 517, 199
S.W.2d 501 (1947), that only the down payment of $2.00 an
acre and one rental payment of $2.00 an acre at the beginning
of the second year of the lease would be due. Under the said
decision, no further rental was due for the remaining years
of the lease.

You state that a number of leases issued under Ar-
ticle 5344, as amended in 1925, are still in effect. The
leases, however, call for annual rentals as authorized under
the 1917 law. Thus, the provision in the leases appears to
be in conflict with the statute, as such statute was inter-
preted by the Supreme Court in the Huber case.

You request an answer to the following question:

"Should I, as Commissioner of the
General Land Office, require the holder
of such a lease to pay an annual rental
of $2.00 per acre in conformance with
the terms of the lease on the theory
that the contract controls in spite of
the 1925 statute?"

The Huber case was a suit by the State to collect the claimed annual rentals. The Court of Civil Appeals in its opinion in the case, 193 S.W.2d 882, 883, stated:

> ". . . It is conceded by all parties, however, that the language of the statute in force at the time, authorizing execution of such lease and prescribing its terms, is to be read into and deemed to be a part of the lease."

The State contended that the amended statute provided for annual rentals. Both high courts accepted the admission of the parties as stated above and, after interpreting the statute as not authorizing annual rentals, ruled against the State. Raising the question for the first time in the Supreme Court, the State sought recovery on the lease contract provision for annual rentals, even though same was in conflict with the statute. The Supreme Court held that as a reviewing court, it "would not be authorized to consider the question," since the lower courts had not had an opportunity to consider it.

In Empire Gas and Fuel Company v. State, 121 Tex. 138, 47 S.W.2d 265, 266 (1932), the Court said:

> "It is a rule in this State that, where contract is made, like the one under consideration, with reference to the performance of certain acts prescribed by statute, the contract and statute will be considered together. . . ."

The rule is thus stated in Langever v. Miller, 124 Tex. 80, 76 S.W.2d 1025, 1026 (1934):

> "The laws, at least as to substantial rights and remedies, existing at the time a contract is made, become a part of the contract."

To the same effect see Stanolind Oil and Gas Company v. Terrell, 183 S.W.2d 743, 744 (Civ.App. 1944, error ref.); Farmer's State Bank v. Brazoria County, 275 S.W. 1103 (Civ.App. 1925, error ref. in 278 S.W. 177).

Since the statute is deemed a part of the contract itself, the result is that we have conflicting provisions within the contract. At least, there is a conflict to the extent that, the statute having fixed the rental at a set amount, there is, in our opinion, an implied prohibition against charging a greater (or smaller) amount. Otherwise, the fixing of the amount by statute would be meaningless.

We regard as very persuasive the case of Gulf, C. & S.F. Railway Co. v. Hume, 87 Tex. 211, 27 S.W. 110 (1894), wherein the court says that it is

"settled by the authorities that an officer cannot contract to receive compensation for services in addition to those prescribed by law. . . . This is placed upon the ground that, the compensation being prescribed by law, it is against public policy that it should be the subject of contract between the officer and litigants."

In Gorman v. Gause, 56 S.W.2d 855 (Comm.App. 1933), it is said to be "uniformly held by the decisions of our courts that a contract cannot impair the validity of any law." Citing numerous authorities.

And see Laird v. Brown, 210 S.W.2d 276, 279 (Civ. App. 1948); King v. Matney, 259 S.W.2d 606, 609 (Civ.App. 1953, error ref., n.r.e.).

We are of the opinion that the annual rentals provided for in the leases under consideration over and above those authorized by Article 5344 may not be collected. We accordingly answer your question in the negative.

## SUMMARY

Where State oil and gas leases issued under Article 5344, V.C.S., provide for additional rentals over and

above those authorized by the statute, the Commissioner of the General Land Office is not authorized to collect such additional rentals.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *J. Arthur Sandlin*
J. Arthur Sandlin
Assistant Attorney General

JAS:afg

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Ben Harrison
Morgan Nesbitt
Pat Bailey
Cecil Rotsch

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore