**LOUISIANA & ARKANSAS RAILWAY COMPANY, Appellant,**

v.

**Melvin BLAKELY, Appellee.**

**No. 9692.**

Court of Appeals of Texas, Texarkana.

May 2, 1989.

Rehearing Denied May 31, 1989.

William C. Gooding, Gooding & Dodson, Texarkana, for appellant.

Doyle Curry, Jones, Jones, Curry & Roth, Marshall, for appellee.

BLEIL, Justice.

Melvin Blakely sued Louisiana & Arkansas Railway Company under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60 (West 1986), for damages based on injuries he received while working for the Railway. The trial court allowed Blakely to amend his pleadings before trial to add a cause of action under 45 U.S.C.A. § 2 (West Supp.1989), the Safety Appliance Act. The Railway appeals the judgment based upon the jury's verdict, contending that the trial court abused its discretion in allowing Blakely to amend his pleadings three days before trial and that the trial court erred in submitting the instructions to the jury. We resolve these contentions in favor of Blakely and affirm.

Blakely was injured on July 20, 1985, about 11:15 a.m., while working as a brakeman for the Railway at the Lewis Rail Yard in Baldwin, Texas. Blakely's job included coupling and uncoupling railway cars. On the day of the injury, rail was unevenly stacked on one side of the track. Blakely crossed to the side of the track where the rail was stacked to make a coupling. He did not see two rails protruding from the otherwise regularly stacked rail and was caught between the railway car and the rail. He suffered a broken pelvis and back injuries.

The Railway contends that the trial court abused its discretion in allowing Blakely to file his second amended original petition on June 27, 1988, three days before testimony in the trial began, alleging for the first time a violation of the Safety Appliance Act. The Safety Appliance Act requires that railway cars couple and uncouple automatically.[1] A railroad is strictly liable under the Federal Employers' Liability Act for injury caused by a violation of the

---

1. 45 U.S.C.A. § 2 (West Supp.1989), Automatic couplers, provides: "It shall be unlawful for any railroad to haul or permit to be hauled or used on its line any car not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars."

Safety Appliance Act. *See, e.g., Crane v. Cedar Rapids & Iowa City Railway Co.,* 395 U.S. 164, 166, 89 S.Ct. 1706, 23 L.Ed.2d 176 (1969); *Illinois Cent. Gulf R. Co. v. International Paper Co.,* 824 F.2d 403 (5th Cir.1987). Thus, the allegation of a Safety Appliance Act violation interjected a new theory of recovery into the lawsuit—strict liability—in addition to the previously pled negligence cause of action.

■ Tex.R.Civ.P. 63 governs amendments to pleadings within seven days of trial. It provides that parties may amend their pleadings within seven days of trial, or thereafter, with leave of the judge, "which leave shall be granted ... unless there is a showing that such amendment will operate as a surprise of the opposite party." The use of the word "shall" is a mandatory directive. If surprise is not shown, Rule 63 requires the trial court to allow the amendment. The burden of convincing the trial court that the filing of an amended pleading will operate as a surprise rests on the party resisting the filing of the pleading. *Hardin v. Hardin,* 597 S.W.2d 347, 350 (Tex.1980) (Campbell, J., concurring); *Poe v. Hutchins,* 737 S.W.2d 574 (Tex.App.–Dallas 1987, writ ref'd n.r. e.); *Forest Lane Porsche Audi v. G & K Services,* 717 S.W.2d 470, 473 (Tex.App.– Fort Worth 1986, no writ).

■ A trial court's ruling granting leave to file a trial amendment within seven days of trial will not be disturbed unless the complaining party shows an abuse of discretion. *Hardin v. Hardin,* 597 S.W.2d at 349, 350; *Merit Drilling Co. v. Honish,* 715 S.W.2d 87 (Tex.App.–Corpus Christi 1986, writ ref'd n.r.e.). To establish an abuse of discretion by the trial court in allowing the amendment, the complaining party must show surprise and request a continuance. *Rocha v. Ahmad,* 676 S.W.2d 149, 155 (Tex.App.–San Antonio 1984, writ dism'd). The Railway objected to the allowance of the amendment and alleged surprise, but it did not move for a continuance.

■ As explained in *Finlayson v. Roberts,* 82 S.W.2d 1020 (Tex.Civ.App.–Fort Worth 1935, no writ), a party is required to exhaust his remedies in the trial court by seeking a continuance because "[i]t may be as unfair to one to strike the amendment as it is to the other to [allow the amendment and] force him to an immediate trial. The remedy fair to both may be a continuance." *Id.,* at 1022. Requiring the objecting party to show surprise *and* move for a continuance to preserve error on appeal is consistent with decisions construing Tex.R.Civ.P. 66, relating to trial amendments of pleadings. *See, e.g., Greenstein, et al. v. Burgess Marketing,* 744 S.W.2d 170 (Tex.App.– Waco 1987, writ denied). In addition to failing to request a continuance, the Railway failed to demonstrate sufficient prejudicial surprise to render the trial court's allowance of the amendment an abuse of discretion.

At trial, the Railway objected to the amendment as follows:

Comes now the Kansas City Southern Railway Company and Louisiana and Arkansas Railway Company, and as previously indicated to the Court in chambers, the Defendants in this lawsuit object to the Plaintiff's latest pleadings, which I believe is the Second Amended Original Petition and specifically, the new allegation interjecting for the first time the Safety Appliance Act into the lawsuit. Defendant had interrogatories outstanding and also special exceptions pending for some time and this newest pleading was received by me today and I assume filed today, the day we picked the jury, June 27, 1988. And for that reason, Your Honor, we would object as the pleading is not filed timely and is a surprise from the standpoint that the newest allegations involving the safety appliance are interjecting completely new causes of action into the lawsuit.

An objection is not a *showing* of surprise. Something more than an objection to the amendment must appear before a reviewing court can say that the trial court has abused its discretion. *Garcia v. Caletka,* 486 S.W.2d 880, 882 (Tex.Civ.App.–Corpus Christi 1972, writ ref'd n.r.e.). A mere allegation of surprise is not a sufficient showing. *Lloyd's of London v. Walker,*

716 S.W.2d 99, 103 (Tex.App.–Dallas 1986, writ ref'd n.r.e.).

■ The Railway's objection provided no specific reasons why the amendment was prejudicial. The Railway did not, for example, advise the trial court of any witnesses who were needed and unavailable to testify regarding the Safety Appliance Act cause of action, nor did it advise the trial court that additional discovery was needed. *See Cummings v. Rice,* 9 Tex. 527 (1853); *Texas Employers Ins. Ass'n v. Sanders,* 265 S.W.2d 219, 221 (Tex.Civ.App.–Texarkana 1954, writ ref'd n.r.e.). Moreover, since the Railway failed to move for a continuance, and since Blakely's original petition alleged inadequate equipment, the trial court might reasonably have assumed that the Railway was prepared to try the case.

We may reverse a trial court for abuse of discretion only if it acts arbitrarily, without regard for guiding rules and principles. *See, e.g., Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793 (Tex.1987); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). We conclude that the trial court was guided by, and properly complied with, Rule 63. Since the Railway failed to show surprise and move for a continuance, the trial court properly allowed the amendment.

Next, the Railway contends that the trial court erred in submitting the following instruction to the jury:

> You are instructed that under the Federal Employers' Liability Act, the railroad company was under a continuing, nondelegable duty to exercise ordinary care in providing Melvin Blakely with a reasonably safe place to work. This duty existed at all times and applies in all places where the railroad requires its employees to work, even when the employee's duties require him to enter property or use equipment owned and controlled by a third party.

In place of this submitted instruction, the Railway tendered the following, which it claims that the trial court should have submitted:

> The railroad is not held to an absolute responsibility for the reasonably safe condition of the place, tools and appliances, but only to the duty of exercising reasonable care to that end, the degree of care being commensurate with the danger reasonably to be anticipated. The railroad is not an insurer of the safety of its employees while they are on duty.

■ Tex.R.Civ.P. 273 provides that either party may present to the court and request written questions, definitions, and instructions to be given to the jury; and the court may give them or a part thereof, or may refuse to give them, as may be proper. The court shall submit such instructions and definitions as shall be proper to enable the jury to render a verdict. Tex. R.Civ.P. 277. An instruction is proper if it finds support in any evidence of probative value and if it might be of some assistance to the jury in answering the questions submitted. *St. Louis Southwestern Ry. Co. v. Marks,* 749 S.W.2d 911, 914, 915 (Tex.App.–Texarkana 1988, writ denied). The trial court has considerable discretion in submitting explanatory instructions and definitions to enable the jury to render a verdict. *Mobil Chemical Company v. Bell,* 517 S.W.2d 245 (Tex.1974); *St. Louis Southwestern Ry. Co. v. Marks,* 749 S.W.2d at 913.

■ The instruction given by the trial court correctly states FELA law concerning the duty to provide a reasonably safe place to work. *See Shenker v. Baltimore & Ohio R. Co.,* 374 U.S. 1, 6, 83 S.Ct. 1667, 1672, 10 L.Ed.2d 709, 714 (1963). We conclude that the instruction given properly enabled the jury to render a verdict, and therefore the trial court properly exercised its discretion in refusing the Railway's requested instruction.

The Railway also contends that the trial court erred in refusing to submit the following requested instruction:

> You are instructed that, before negligence, if any, can be established against the Defendant railroad, it must be shown that the Defendant railroad, through its

officers, agents, and/or employees, knew, or, in the exercise of ordinary care, should have known of any unsafe condition, if any.

The Railway contends that the requested instruction should have been included because it is a correct statement of the law and because it is identical to the one submitted by the trial court and approved by the appellate court in *Mitchell v. Missouri–Kansas–Texas Railroad Co.*, 743 S.W.2d 666 (Tex.App.–Houston [1st Dist.] 1987, writ granted).

 When a requested explanatory instruction is merely a shade or repetition of an instruction already given, it may be refused by the trial court. *United Pacific Ins. Co. v. Jones*, 710 S.W.2d 760, 763 (Tex.App.–Beaumont 1986, writ ref'd n.r. e.). A trial court should refuse to submit unnecessary instructions, even if they are correct statements of the law. *Samsel v. Diaz*, 659 S.W.2d 143 (Tex.App.–Corpus Christi 1983, no writ). There is no error in refusing a requested explanatory instruction when the substance of the matter contained therein is included in the court's charge. *Dixon v. Van Waters & Rogers, a Div. of Univar*, 674 S.W.2d 479, 483 (Tex. App.–Fort Worth), *writ ref'd n.r.e. per curiam*, 682 S.W.2d 533 (Tex.1984). The trial court sufficiently instructed the jury regarding negligence and gave the jury a standard definition of the term "negligence." The instruction requested by the Railway merely repeated what was already encompassed in the court's charge; thus the trial court did not err in failing to give the requested instruction.

The judgment of the trial court is affirmed.