Rebecca L. CAMP, Appellant,

v.

Mary E. CAMP, Appellee.

No. 13–97–092–CV.

Court of Appeals of Texas,
Corpus Christi.

July 9, 1998.

---

Robert N. Carnahan, Corpus Christi, for Appellant.

Donald B. Dailey, Jr., Portland, for Appellee.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

**OPINION**

YANEZ, Justice.

Rebecca Camp (hereinafter "Rebecca") appeals a summary judgment denying her the proceeds of her deceased husband's term life insurance policy. By one point of error, Rebecca alleges the trial court erred in applying the "inception of title" rule to award the life insurance proceeds to the beneficiary named in her husband's policy, which was purchased before his marriage to Rebecca. We affirm.

John Camp (hereinafter "John") received the life insurance policy at issue as an employment benefit while he was still single and without children. He named his mother, Mary E. Camp (hereinafter "Mary"), beneficiary of the policy. He did not change the insurance policy's beneficiary designation to wife Rebecca after they were married. Premiums from the policy were paid from John's employment earnings during the years of his marriage to Rebecca until his death in 1996.

On October 22, 1996, Rebecca petitioned the court for a declaratory judgment against Mary as to the ownership of the term life insurance policy. She claimed John's failure to name her as beneficiary under the policy constituted a constructive fraud on the community estate. She also requested attorneys' fees.

On November 26, 1996, Mary Camp filed a motion for summary judgment, wherein she argued that because all premiums of the life insurance policy were paid by John Camp's employer, no funds from the Camp community ever were actually expended to make any premium payments on the policy. She argued that because the policy was purchased before John married Rebecca, it is his separate property and she, as beneficiary, is now entitled to the entire proceeds of the policy. On this same date, Mary also filed a counterclaim for declaratory relief and attorneys' fees. By her response to the summary judgment motion, Rebecca argued there are "numerous disputed issues of material fact" which would preclude summary judgment. She alleged these facts in the written response, and attached a supporting personal affidavit in support of the allegations.

On January 23, 1997, the court issued a partial summary judgment favoring Mary Camp. Citing the inception of title rule, the court found as follows: John Camp's life insurance policy is his separate property; it is a community asset which can be described as income; and Mary Camp, as beneficiary of the policy, is entitled to its entire proceeds, less reasonable reimbursement for the amount of community interest in the value of the life insurance premiums to Rebecca Camp.

On January 31, 1997, the court issued a final judgment in the cause, ordering that Mary Camp is entitled to the $35,000 proceeds of the life insurance policy, less $1568.88 to Rebecca Camp for the value of her community interest in the life insurance premiums.

In reviewing a summary judgment, the central inquiry is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of material fact as to one or more of the plaintiff's causes of action. TEX.R. CIV. P. 166a; *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). The burden of proof is on the movant, and all doubts regarding material facts are resolved against the movant. *Nixon,* 690 S.W.2d at 548–49. Grounds supporting or opposing a summary judgment must be raised in the motion or written response to the motion before the trial court renders judgment. *City of San Antonio v. Schautteet,* 706 S.W.2d 103, 104 (Tex.1986); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979). As the rules of civil procedure provide, "[i]ssues not expressly presented to the trial court by written motion shall not be considered on appeal as grounds for reversal." TEX.R. CIV. P. 166a(c). If a non-movant fails to present any answer or response to the summary judgment motion, the movant has not thereby established its entitlement to summary judgment; thus, on appeal the non-movant may challenge the legal sufficiency of the order, but is limited to this challenge. *McConnell v. Southside Indep. School Dist.,* 858 S.W.2d 337, 343 (Tex.1993).

By her sole point of error, Rebecca Camp claims the trial court erred in granting summary judgment, on the ground that it was not supported by "established Texas law." Rebecca makes two specific arguments in her brief: (1) John's failure to designate her as beneficiary constituted a "fraud on the community," and (2) because no cash value accumulates under a term life policy, application of the inception of title rule to this case is inapposite. Rebecca's response to Mary's summary judgment motion did not present either of these grounds in opposition to Mary's motion. The response only alleged "numerous disputed issues of material fact," to wit: during the marriage John Camp overcame an alcohol problem; their three children were hers from a previous marriage; she believed his failure to change beneficiary status of the disputed life insurance policy was mere oversight; because community funds were expended toward this policy, the proceeds are a community asset; when an agent for another insurance policy notified John that he still listed his mother as beneficiary, he immediately changed the beneficiary designation of that policy to Rebecca; his one other life insurance policy, worth $2500, named Rebecca beneficiary; they accumulated many debts during the marriage and lived paycheck to paycheck; while she (Rebecca) was admitted to the hospital for surgery, John hanged himself in a closet but left a suicide note saying how much he loved her and the children; she is now attempting to support the family on the basis of Social Security benefits and by babysitting in her home; funeral and other expenses remain unpaid; Mary Camp is gainfully employed. Thus, because Rebecca did not act to place her opposition to the motion in relation to her claim of recovery squarely before the trial court, it may be that neither of the grounds Rebecca wishes to argue on appeal were preserved for review. But because they arguably are legal sufficiency challenges to the grounds for summary judgment presented by Mary, we will assess them as such "in the interest of justice."

Mary contended that the inception of title rule [1] governs the disposition of this

1. Community property consists of the property,    other than separate property, acquired by either

case, *i.e.*, because John acquired title to the insurance policy before his marriage to Rebecca, it is his separate property and his designation of his mother as beneficiary stands. It is undisputed that John acquired title to the insurance policy through his employment compensation prior to his marriage to Rebecca and that Mary is the named beneficiary. Texas case law supports the conclusions that the policy was his separate property with his wife entitled to reimbursement for her share of the premiums paid with community funds (John's earnings during the marriage). *Cf. McCurdy v. McCurdy*, 372 S.W.2d 381, 383–84 (Tex.Civ.App.—Waco 1963, writ ref'd) (applying inception of title analysis and determining that proceeds from life insurance issued to husband before marriage and which named his estate as beneficiary belong entirely to his estate with right of reimbursement to community based on premiums paid from community funds during marriage).

■ Rebecca would argue that, as applied to the instant case, inception of title analysis is inapposite because term life insurance is too ephemeral to constitute property. Unlike other life insurance, she argues, term life insurance does not build up cash value; it merely pays upon the insured's death; thus it would not seem something which John could have acquired as property, especially separate property. Rebecca presents no Texas authority in support of this position. As per the government code, property contemplated by family code provisions relating to the characterization of marital property [2] must be understood to include not only life insurance policies, but also "the effects of life insurance policies." *See* Tex. Gov't Code Ann. § 312.011(13) (Vernon 1988 & Supp.

1998) (requiring a particular definition of property in the construction of Texas codes unless a different meaning is apparent from the context of the code). The undisputed effect of the term life policy John acquired was that it would pay $35,000 to a named beneficiary upon his (John's) death. Thus, even if it does not build up cash value, the term life insurance policy produces a tangible effect, and John's title to it relates back to a time prior to his marriage to Rebecca.

■ Because the insurance policy was his separate property, moreover, constructive fraud against the community cannot be presumed in relation to the proceeds of the policy (the $35,000). Fraud against the community arises only from a spouse disposing of the other spouse's interest in *community* property. *See Zieba v. Martin*, 928 S.W.2d 782, 789 (Tex.App.—Hous. [14th Dist.] 1996, no writ); *Givens v. Girard Life Ins. Co. of Am.*, 480 S.W.2d 421, 426 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.). Community funds, of course, ultimately were expended toward the insurance policy premiums; but the trial court awarded Rebecca reimbursement for her community interest in the policy premiums.

Accordingly, we hold that the trial court did not err in granting summary judgment in favor of Mary. Rebecca's point of error is overruled.

The judgment of the trial court is AFFIRMED.

---

spouse during marriage. Tex. Fam Code Ann. § 3.002 (Vernon Pamph.1998). (We will cite to the most recent version of the family code because changes to provisions cited here subsequent to when the facts of this case developed have no bearing on the outcome of the case.) Separate property is that property owned by a spouse before marriage, acquired during the marriage by gift, devise, or descent, or as a recovery for personal injuries sustained during the marriage. Tex. Fam Code Ann. § 3.001 (Vernon Pamph.1998). The characterization of property as either "community" or "separate" is determined by the inception of title to the property.

*Smith v. Buss*, 135 Tex. 566, 144 S.W.2d 529, 532 (1940); *Winkle v. Winkle*, 951 S.W.2d 80, 88 (Tex.App.—Corpus Christi 1997, writ denied). Inception of title occurs when a party first has right of claim to the property by virtue of which title is finally vested. *Winkle*, 951 S.W.2d at 88; *Saldana v. Saldana*, 791 S.W.2d 316, 319 (Tex. App.—Corpus Christi 1990, no writ) (citing *Strong v. Garrett*, 148 Tex. 265, 224 S.W.2d 471 (1949)).

**2.** Tex. Fam.Code Ann. §§ 3.001 & 3.002 (Vernon Pamph.1998).