IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00113-CV

 

John Lingafelter et al.,

                                                                      Appellants

 v.

 

Brent J. Shupe, JCJ Trucking

And Midwest Coast Transport

D/B/A MCT,

                                                                      Appellees

 

 

 



From the 249th District Court

Somervell County, Texas

Trial Court # C2K09299

 



Dissenting Opinion



 








          On
appeal, the plaintiffs complain that their burden at trial was not enough.  They complain that the trial court erred by not
imposing on them, as an instruction in the charge, all the elements of
negligent entrustment.  The defendants
make various responses including one by MCT that the plaintiffs failed to prove
even the elements that were submitted so, if there was error, it was
harmless.  The Court agrees with the
plaintiffs.  The plaintiffs are wrong;
ergo, the Court is wrong.




Absurd Result

          If
the damage to the parties, the law, and this Court’s reputation was not so
severe, what the Court does in this case would be an amusing logic problem to
be discussed by philosophy students.  But
the result should come as quite a shock to any skilled appellate
practitioner.  In this case, a defense
verdict is being reversed because the plaintiff objected to having fewer
elements to prove than would have been required under a proper instruction for
negligent entrustment.  The plaintiffs were
unable to prove even two, of five, required elements the Court says a plaintiff
must establish to recover under a theory of negligent entrustment.  How bizarre can it get if we reverse this
case because three elements of a cause of action were not submitted but the
plaintiff could have recovered by proving only two of the five elements?  In this case, the plaintiffs had a lighter
burden than required by law.  But yet the
plaintiffs failed to meet even this lighter burden, and the Court is still
reversing the judgment so that the plaintiffs can try again!  What the trial court did cannot be harmful
error.  The Court has been unable to
direct the reader to a single case in which the complaining party on appeal
successfully argued that elements upon which the complaining party had the
burden of proof were omitted from the charge. 
I too have been unable to find any similar case.

Needless Submission

          Next,
it is not error to refuse to submit immaterial issues or instructions.  Louisiana
& Arkansas Ry. Co. v. Blakely, 773 S.W.2d 595, 599 (Tex. App.—Texarkana
1989, writ denied).  MCT and the plaintiffs
agree that according to Federal Motor Carrier Regulations, MCT is liable for
Shupe’s negligence, if any, in the course and scope of his employment because
he was treated as MCT’s employee.  49
C.F.R. §390.5 (2004).  It is undisputed
that Shupe was operating the truck in the course and scope of his employment at
the time of the collision.  Thus, there
was no need to charge the jury on negligent entrustment because if the
plaintiffs successfully proved Shupe negligent, MCT was liable for the full
extent of the resulting damages caused by Shupe without regard to the need to
prove the other elements of a negligent entrustment claim.

          Further,
to recover for negligent entrustment, it must be shown on the trial of the case
that the driver, in this case, Shupe, was negligent.  See
Williams v. Steves Indus., Inc., 699
S.W.2d 570, 571 (Tex. 1985). 
Upon the trial of this case, after hearing all the evidence the Court
repeats in its mantra, the jury refused to find Shupe negligent.  Thus, any error in not instructing the jury
on all the elements of one of multiple theories of negligence, specifically
negligent entrustment, was harmless.

Rejection of the Jury’s Verdict

          And
if anyone questions why the Court is doing this, they need not search outside
the opinion.  The majority of this Court
dismisses the jury’s refusal to find that the plaintiffs proved Shupe negligent
saying:  “We believe that the evidence
strongly supports a finding Shupe was negligent.”  We have never been authorized to substitute
our view of the evidence for the jury’s view of it.  See e.g.
Golden Eagle Archery, Inc. v. Jackson,
116 S.W.3d 757, 761 (Tex.
2000) (“It is a familiar principle that in conducting a factual sufficiency
review, a court must not merely substitute its judgment for that of the
jury.”).

          It
is clear from a full review of the record that this case was about
causation.  Viewed objectively, the
jury’s verdict tells us that when Heppler was unable to stop in his lane of
traffic and bounced his pick-up off the back-side of a van and into the
oncoming lane of traffic directly into the path of an oncoming truck, it did
not matter who was driving that truck or how that driver was operating it; there
was going to be a wreck.

          That
was the first wreck.  This Court’s
opinion is the second.  Paraphrasing the
Court, I believe that the record strongly supports the jury’s refusal to find
that anything other than Heppler’s failure to control his vehicle was the
proximate cause of this multi-vehicle wreck.

Conclusion

          Because
it cannot be error to refuse to submit an immaterial instruction, because it
cannot be harmful error to the party with the burden of proof to submit less
than all the elements of a claim, because it cannot be harmful error to submit
other elements of a claim if the party with the burden of proof was unable to
prove even the elements submitted, and because the Court simply disagrees with
the jury’s refusal to find Shupe negligent and reverses the judgment, I
dissent.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Dissenting
opinion delivered and filed November 17, 2004