IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00313-CR

 

gary wayne willoughby,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2007-923-C2

 



abatement ORDER



 

Appellant’s brief was originally due on
or before December 27, 2007.  Appellant’s brief is now currently due on or
before November 14, 2008 and is thus overdue.  Appellant’s counsel has filed
eight motions for extension of time to date.

The Court abates this cause to the trial
court with instructions to hold a hearing to determine: (1) why a proper brief
has not been filed on Appellant’s behalf; (2)
whether Appellant’s
attorney has abandoned the appeal; (3) whether Appellant still desires to
proceed with the appeal; (4) whether Appellant is receiving effective
assistance of counsel; and (5) whether Appellant desires to represent himself
or obtain new counsel.  See Tex.
R. App. P. 38.8(b)(2); Fewins v. State, 170 S.W.3d 293 (Tex.
App.—Waco 2005, order) (discussing
these issues).

The trial court shall conduct the
hearing within twenty days after the date of this order.  The trial court clerk
and court reporter shall file supplemental records within thirty-five days
after the date of this order.  See Fewins, 170 S.W.3d at 296-97.

 

PER CURIAM

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissents)

Cause
abated

Order
issued and filed December 10, 2008

Do
not publish








 






window.open( "", "comment", "toolbars=0,width=600,height=200,resizable=1,scrollbars=1,dependent=1" );
 floatwnd.document.open( "text/html", "replace" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( "\r\n" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}










WITHDRAWN 






IN THE
TENTH COURT OF APPEALS
 

No. 10-98-226-CV

     RALPH FLETCHER AND
     D'ANN FLETCHER,
                                                                              Appellants
     v.
 
     JOHN R. EDWARDS, ET AL.,
                                                                              Appellees
 

From the 249th District Court
Johnson County, Texas
Trial Court # 249-97-93
                                                                                                         

O P I N I O N
                                                                                                         

      Ralph and D’Ann Fletcher filed suit against John R. Edwards, Rob Orr, ERA Orr &
Associates (collectively, “Appellees”) and others alleging statutory and common law
fraudulent inducement, DTPA violations, and negligent misrepresentation. The Fletchers
allege that Edwards, a real estate agent, represented to them that they could get a water
connection to a lot which they ultimately purchased, when in fact they could not obtain the
necessary connection because of a lack of easements across an adjoining lot. The court granted
a summary judgment in Appellees’ favor. The Fletchers present the following ten issues in
this appeal:
      •    were the “as is” clauses in the documents they signed with the seller Donald L.
Wallace a part of the bargain between Wallace and themselves;
 
      •    if so, did these clauses “survive the June 5, 1991 closing at the title company”;
 
      •    are Orr and ERA jointly and severally liable for Edwards’s alleged representations
concerning the availability of water to the property the Fletchers purchased;
 
      •    was Appellees’ First Amended Original Answer and Original Counter-Claim for
Declaratory Judgment filed and served in time to become part of the summary
judgment record;
 
      •    does Appellees’ summary judgment motion identify the elements of the Fletchers’
causes of action for which they claim there is no-evidence;
 
      •    is reliance a necessary element for a DTPA claim under the law applicable to this
case;
 
      •    was Edwards’s alleged representation concerning availability of water so “patently
absurd” that the Fletchers should not have relied upon it;
 
      •    is there evidence that the Fletchers relied on Edwards’s alleged representation;
 
      •    for purposes of exemplary damages, is there evidence Edwards intended to deceive
the Fletchers when he made the alleged representations; and
 
      •    is the “Acceptance of Title” agreement properly included in the summary judgment
record because Appellees did not produce it to the Fletchers in discovery.


 

BACKGROUND

      On June 4, 1991, Edwards, a real estate agent for ERA, showed the Fletchers a lot that
was listed with ERA. That same day, the Fletchers signed a real estate contract with the
owner of the lot, Donald Wallace, to purchase it for $16,000 cash. In this contract, they
obligated themselves to “accept[ ] the Property in its present condition.”
      The parties dispute whether Edwards affirmatively represented to them that water was
available to the lot. The Fletchers maintain that before they purchased the lot, they asked
Edwards whether water was available to the lot. The Fletchers claim that Edwards told them
that water service was available but that it was disconnected because the water bill had not
been paid. The Fletchers further claim that Edwards told them that water service could be re-established if they paid the Johnson County Rural Water Supply Corporation (the “Water
Company”) $1,400. However, Edwards maintains that he never told the Fletchers that water
service was available to the lot and that he told the Fletchers that they needed to check with the
Water Company and be certain that they could obtain a water meter for the lot before they
purchased the lot. 
      The Fletchers signed an “Acceptance of Title” agreement at closing on June 5 which
contains an “as is” clause. After their purchase, the Fletchers contacted the Water Company
to have water service restored to their lot. The Water Company told the Fletchers that water
service was unavailable to their lot because the adjacent lot lacked the necessary easements
required for water service. Specifically, the Water Company informed the Fletchers that the
water meter for their lot must be located on the adjacent lot before water service could begin. 
The Water Company stated that without an easement on the adjacent lot, they cannot service
the Fletchers’ lot. 
      The Fletchers subsequently filed suit against Edwards, Beverly Sanborn, Orr, ERA,
Clarence C. Davis, the Water Company, and Wallace


 claiming: (1) statutory and common
law fraudulent inducement; (2) violation of the Deceptive Trade Practices Act (“DTPA”);


 and
(3) negligent misrepresentation.
      Appellees each originally responded to the Fletchers’ lawsuit with general denials. On
May 19, 1998, Appellees filed a motion for summary judgment raising both traditional
summary judgment claims and a “no-evidence” claim. See Williams v. Bank One, No. 10-99-077-CV, slip op. at 12-13, 1999 WL 1123813, at *7 (Tex. App.—Waco Dec. 8, 1999, no
pet.); Grant v. Southwestern Elec. Power Co., 998 S.W.2d 383, 387-88 (Tex.
App.—Texarkana 1999, no pet. h.); Tex. R. Civ. P. 166a(c), (i). Although these claims are
not as distinctly segregated as the Court would prefer, a close reading of paragraph 4 of the
motion discloses that Appellees argue under their traditional summary judgment claim that they
are entitled to judgment as a matter of law because: (1) the “as is” clauses


 bar the Fletchers’
claims; (2) the “as is” clauses establish that the Fletchers did not rely on any alleged
misrepresentations; and (3) Appellees had no duty as Wallace’s agents “to investigate the
actual condition or status of the water line, water easement or water meter.” Under the no-evidence portion of their motion, they claim the Fletchers can produce no evidence that
Edwards knew his alleged statements concerning the availability of water were false.



      In support of their dual motion Appellees attached excerpts of Edwards’s deposition
testimony in which Edwards claimed that: (1) he did not make any affirmative representations
to the Fletchers that water was available to the lot; (2) he told prospective buyers that it was
their job to check with the Water Company and that he told the Fletchers the same; (3) he did
not actually know whether water was available to the lot; and (4) if he did make any
representations to the Fletchers, it was because he believed that water was available because
Wallace, the prior owner, told him that water was available, the lot previously had a septic
tank on it, he saw a water hydrant on the property, and a mobile home had been on the lot for
several years. The court set the matter for hearing on June 9.
      The Fletchers filed their response on June 1. They contest whether Edwards told them
they would need to consult with the Water Company to determine the availability of a water
connection on their property and claim that he told them a water membership would cost
$1,400. They challenge Appellees’ use of the “as is” clauses by asserting that such clauses are
not applicable in DTPA cases. They assert that Edwards had a duty to them to insure that his
alleged representation was true. They argue that Edwards’s alleged representation was false
and material and induced them to enter into the real estate contract. The Fletchers supported
their response with an affidavit from D’Ann Fletcher stating that Edwards told her and her
husband on three separate occasions that utilities were available to the lot and that Edwards did
not tell her husband to check with the Water Company before they purchased the lot. They
objected to two paragraphs in Edwards’s summary judgment affidavit on hearsay grounds.



      Two days later, Appellees filed a First Amended Original Answer and Original
Counterclaim for Declaratory Judgment. The amended answer contains special exceptions to
portions of the Fletchers’ Fourth Amended Original Petition (filed in 1993) and generally
denies the allegations of the petition. The counterclaim asserts that the Fletchers obtained from
adjoining landowners the easements necessary to facilitate water service on March 18, 1998. 
The Fletchers filed a Motion to Strike this pleading on June 8, because it was filed within
seven days of the date of the summary judgment hearing. They also objected to Appellees’
reliance on the March 18 easement conveyance because Appellees failed to produce a copy of
it in their discovery responses. Appellees non-suited their counterclaim two months after filing
it.
      On June 26, Appellees filed a supplement to their summary judgment motion. They
attached excerpts from D’Ann Fletcher’s June 1 deposition. Appellees contemporaneously
filed a motion to supplement the summary judgment record. They also filed a brief in support
of their motion for summary judgment (as supplemented) on that date. The Fletchers filed a
supplemental response on the same date, raising additional legal arguments in response to the
original motion. 
      The trial court signed an order on July 1 granting Appellees’ motion to supplement the
record and a separate order on that same date granting their summary judgment motion. The
court did not specify the ground(s) on which it was granting summary judgment, nor did it
address any of the Fletchers’ summary judgment objections, their Motion to Strike, or their
supplemental response.
      The next day, the Fletchers filed a motion asking the court to permit supplementation of
the summary judgment record with the supplemental response they had filed on June 26. The
court signed an order on that same date granting the motion.
STANDARD OF REVIEW
      To prevail on a summary judgment motion, the movant must demonstrate that there are no
genuine issues of material fact and that it is entitled to judgment as a matter of law. American
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). We disregard all conflicts in the
evidence and accept the evidence favoring the nonmovant as true. Great Am. Reserve Ins. Co.
v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965); Kehler v. Eudaly, 933
S.W.2d 321, 324 (Tex. App.—Fort Worth 1996, writ denied). We indulge every reasonable
inference from the evidence in favor of the nonmovant and resolve any doubts in its favor. 
American Tobacco, 951 S.W.2d at 425.
      A trial court cannot grant summary judgment on a ground not expressly presented in the
summary judgment motion. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex.
1996). Similarly, “[t]he non-movant must expressly present to the trial court, by written
answer or response, any issues defeating the movant’s entitlement [to summary judgment].” 
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993) (citing City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979)). Grounds raised by
either party in a brief filed in support of the motion or response, but not in the motion or
response itself, are not to be considered by the trial court. Id. at 340-41. 
      “When the trial court does not specify the basis for its summary judgment, the appealing
party must show it is error to base it on any ground asserted in the motion.” Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). We consider only those grounds “the movant
actually presented to the trial court” in the motion. Cincinnati Life Ins., 927 S.W.2d at 625. 
We do not consider grounds the non-movant failed to expressly present to the trial court in a
written response. McConnell, 858 S.W.2d at 343; Tex. R. Civ. P. 166a(c). If the non-movant fails to respond to a summary judgment motion, “the non-movant is limited on appeal
to arguing the legal sufficiency of the grounds presented by the movant.” McConnell, 858
S.W.2d at 343 (citing Clear Creek Basin Auth., 589 S.W.2d at 678).
THE SUMMARY JUDGMENT RECORD
      The Fletchers argue in their fourth issue that Appellees’ amended answer and counterclaim 
should not be included in the summary judgment record because Appellees filed it within seven
days of the hearing. They contend in their tenth issue that the “Acceptance of Title”
agreement is not properly included in the summary judgment record because Appellees failed
to produce it in response to their discovery requests.
      Rule of Civil Procedure 63 provides that amended or supplemental pleadings may be filed
within seven days of trial only with leave of court. Tex. R. Civ. P. 63. Rule 63 applies to
pleadings filed within seven days of a summary judgment hearing as well. See Sosa v. Central
Power & Light, 909 S.W.2d 893, 895 (Tex. 1995) (per curiam). To properly preserve a
complaint regarding a pleading which has been filed within seven days of trial, “the
complaining party must demonstrate surprise and request a continuance.” Morse v. Delgado,
975 S.W.2d 378, 386 (Tex. App.—Waco 1998, no pet.); accord Louisiana & Ark. Ry. v.
Blakely, 773 S.W.2d 595, 597 (Tex. App.—Texarkana 1989, writ denied).
      The Fletchers’ alleged surprise in their motion to strike Appellees’ amended pleading. 
However, they did not request a continuance. Accordingly, we conclude that they have failed
to preserve for appellate review their complaint that the pleading was filed within seven days
of the summary judgment hearing. See id. Therefore, we overrule their fourth issue.
      The Fletchers’ filed a brief the day before the summary judgment hearing in which they
raised objections to documents produced by Appellees in supplemental discovery responses. 
These objections appear to go to Appellees’ late production of the easements which the
Fletchers obtained in March 1998 to permit a water connection. The objections stated in the
Fletchers’ brief do not identify the “Acceptance of Title” agreement as a late-disclosed
document, and the record does not reflect that the court ruled on their objections. 
Accordingly, we conclude that they have failed to preserve this issue for our review. See Tex.
R. App. P. 33.1(a). Thus, we overrule their tenth issue.
THE “AS IS” CLAUSES
      The Fletchers’ only challenge in their summary judgment response to the “as is” clauses is
their assertion that such clauses do not apply in DTPA suits. See Wyatt v. Petrila, 752 S.W.2d
683, 685 (Tex. App.—Corpus Christi 1988, writ denied) (citing Weitzel v. Barnes, 691
S.W.2d 598, 601 (Tex. 1985)). However, they do not present this argument in their brief on
appeal. Therefore, we will not consider it. See Bonham State Bank v. Beadle, 907 S.W.2d
465, 470 (Tex. 1995); San Jacinto River Auth. v. Duke, 783 S.W.2d 209, 209-10 (Tex. 1990)
(per curiam).
      Because the Fletchers’ summary judgment response does not otherwise challenge
Appellees’ reliance on the “as is” clauses, they can challenge on appeal only the legal
sufficiency of the clauses as a basis for judgment.


 See McConnell, 858 S.W.2d at 343; Clear
Creek Basin Auth., 589 S.W.2d at 678; Camp v. Camp, 972 S.W.2d 906, 908 (Tex.
App.—Corpus Christi 1998, pet. denied); Colvin v. Alta Mesa Resources, Inc., 920 S.W.2d
688, 690 (Tex. App.—Houston [1st Dist.] 1996, writ denied). Accordingly, we now examine
whether the “as is” clauses establish Appellees’ entitlement to judgment as a matter of law. 
See Clear Creek Basin Auth., 589 S.W.2d at 679.
      Appellees argue that the “as is” clauses effectively bar each of the Fletchers’ causes of
action. In the earnest money contract, the Fletchers contractually bound themselves to accept
the property “in its present condition.” We construe this to be an agreement to purchase the
property “as is.” See Smith v. Levine, 911 S.W.2d 427, 431 (Tex. App.—San Antonio 1995,
writ denied). In the “Acceptance of Title” agreement, the Fletchers expressly acknowledged
that “they accept[ed] the property in its ‘AS IS’ conditions [sic]” and:
that neither the Seller, Real Estate Agents or Brokers, or BURLESON LAND &
TITLE COMPANY, TRW TITLE INSURANCE COMPANY, OR ALAMO TITLE
INSURANCE COMPANY OF TEXAS have made any warranties or representations
as [sic] the condition of the above-referenced property, and accordingly, the
undersigned Purchasers release and hold them harmless from any and all liability in
regard to the same.

      Generally, an “as is” agreement negates the causation essential to recovery for a DTPA
violation,


 fraud, and negligence. Prudential Ins. Co. of Am. v. Jefferson Assocs., 896
S.W.2d 156, 161-62 (Tex. 1995). However, such an agreement will not bind a buyer who is
induced to enter the agreement because of a fraudulent representation. Id. at 162. The parties
can contract away this fraudulent inducement exception if the agreement “clearly expresses the
parties’ intent to waive fraudulent inducement claims or . . . disclaims reliance on
representations about specific matters in dispute.” Schlumberger Technology Corp v.
Swanson, 959 S.W.2d 171, 181 (Tex. 1997).
      The agent of a party to an “as is” agreement may rely on the agreement in defense of
claims asserted against the agent by the other party to the agreement because the agent’s
principal “obviously included in the agreement contract terms intended to benefit its agent.” C
& A Invs., Inc. v. Bonnet Resources Corp., 959 S.W.2d 258, 264-65 (Tex. App.—Dallas
1997, pet. denied); accord Airborne Freight Corp. v. C. R. Lee Enters., 847 S.W.2d 289, 297
(Tex. App.—El Paso 1992, writ denied).
      The parties agree that Appellees are agents of Wallace. The Fletchers signed a contract
with Wallace agreeing to buy the property “in its present condition.” They and Wallace signed
a second agreement in which they declared unequivocally that “they accept[ed] the property in
its ‘AS IS’ conditions [sic]” and that none of the Appellees “made any warranties or
representations as [sic] the condition of the above-referenced property.” 
      Appellees, as Wallace’s agents, may rely on these agreements. Id. Such agreements
generally will negate the causation elements of the types of claims asserted by the Fletchers. 
Prudential Ins., 896 S.W.2d at 161-62. However, the Fletchers allege that they were
fraudulently induced to enter the agreement by Edwards’s alleged misrepresentations. If they
were so induced, then the agreement would not be binding on them or preclude them from
recovery. Id. at 162; SMB Partners, Ltd. v. Osloub, 4 S.W.3d 368, 371 (Tex. App.—Houston
[1st Dist.] 1999, no pet.); Pairett v. Gutierrez, 969 S.W.2d 512, 516 (Tex. App.—Austin
1998, pet. denied).
      Appellees argue that the exception in Prudential Insurance for fraudulent inducement
claims should not apply to the “as is” clause in the “Acceptance of Title” agreement because
the Fletchers do not assert that they were fraudulently induced to enter this agreement. We
disagree. The Fletchers allege in their petition that Edwards made the representations to
induce them “to enter into the real estate contract.” Their contract itself states that they
accepted the property “in its present condition” (i.e., “as is”). See Smith, 911 S.W.2d at 431. 
If the Fletchers were fraudulently induced to enter the real estate contract as they allege, that
fraud vitiates all documents which the Fletchers executed as a part of the transaction. See
Prudential Ins., 896 S.W.2d at 162 (court must consider the “nature of the transaction and the
totality of the circumstances surrounding the agreement” to determine whether an “as is”
agreement is enforceable); see also ECC Parkway Joint Venture v. Baldwin, 765 S.W.2d 504,
512 (Tex. App.—Dallas 1989, writ denied) (fraudulent failure to disclose height restriction
actionable despite subsequent deed which conveys property “subject to . . . restrictive
covenants . . . of record”); accord Munawar v. Cadle Co., 2 S.W.3d 12, 17 (Tex.
App.—Corpus Christi 1999, no pet.).
      The agreements in this case do not satisfy either of the requirements set forth in
Schlumberger Technology to preclude a fraudulent inducement claim. See Schlumberger
Technology, 959 S.W.2d at 181. Accordingly, we conclude that they do not establish
Appellees’ entitlement to judgment as a matter of law on the Fletchers’ statutory and common
law fraudulent inducement claims. See Clear Creek Basin Auth., 589 S.W.2d at 679. 
FRAUDULENT INDUCEMENT
      Under the common law, a plaintiff establishes a fraudulent inducement claim by showing
the elements of “a simple fraud claim.” Balogh v. Ramos, 978 S.W.2d 696, 701 (Tex.
App.—Corpus Christi 1998, pet. denied) (op. on reh’g), cert. denied, ___ U.S. ___, 120 S.
Ct. 66, 145 L. Ed. 2d 57 (1999) (citing DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 688
(Tex. 1990) (op. on reh’g)). Those elements are:
      •    a material misrepresentation;
 
      •    which was false;
 
      •    which was known to be false when made or was made recklessly as a positive
assertion without knowledge of its truth;
 
      •    which was intended to be acted upon;
 
      •    which was relied upon; and
 
      •    which caused injury.

Insurance Co. of N. Am. v. Morris, 981 S.W.2d 667, 674 (Tex. 1998).
      A plaintiff establishes a statutory fraudulent inducement claim under section 27.01 of the
Business and Commerce Code by showing:
      •    a false representation of a material fact;
      •    made to induce a person to enter a contract; and
      •    relied on by that person in entering the contract.
Tex. Bus. & Com. Code Ann. § 27.01(a)(1) (Vernon 1987); Brush v. Reata Oil & Gas
Corp., 984 S.W.2d 720, 726 (Tex. App.—Waco 1998, pet. denied). The statutory cause of
action differs from the common law only in that it “does not require proof of knowledge or
recklessness as a prerequisite to the recovery of actual damages.” Brush, 984 S.W.2d at 726;
Diversified, Inc. v. Walker, 702 S.W.2d 717, 723 (Tex. App.—Houston [1st Dist.] 1985, writ
ref’d n.r.e.).
      The parties do not contest that the representations, if made, are material. They do not
disagree that the alleged representations are false or that the Fletchers have been damaged to
some degree by the fact that water was not available to their property at the time of purchase. 
Appellees’ summary judgment motion does not challenge the intent


 element of the Fletchers’
claims. See Cincinnati Life Ins., 927 S.W.2d at 625. Thus, the dispute in this case revolves
around the elements of knowledge and reliance.
KNOWLEDGE/RECKLESSNESS
      As we have already determined, a careful reading of the no-evidence portion of Appellees’
motion reveals their contention that there is no evidence Edwards knew that his alleged
representations were false. The Fletchers’ only response to this assertion in their summary
judgment pleadings is: “Whether [Edwards] knew or not is not the question.” We construe
this response to be a statement that knowledge is immaterial under section 27.01.
      The Fletchers are correct that under section 27.01, knowledge is immaterial to the
recovery of actual damages. Brush, 984 S.W.2d at 726; Diversified, 702 S.W.2d at 723. 
Under the common law however, the Fletchers must establish either that Edwards knew the
alleged representations were false or that he recklessly made them as positive assertions
without knowledge of the truth. Insurance Co. of N. Am., 981 S.W.2d at 674; Brush, 984
S.W.2d at 726. 
      Appellees aver in their no-evidence summary judgment motion that Edwards did not know
the alleged representations were false. The Fletchers presented no summary judgment
evidence to counter this assertion. Ordinarily in this situation, the trial court has no discretion
but to grant the no-evidence motion. See Williams, slip op. at 13, 1999 WL 1123813, at *7;
Tex. R. Civ. P. 166a(i). In this case however, the question of knowledge does not wholly
dispose of the Fletchers’ common law fraud claim. The Fletchers may also prevail if they
show that Edwards recklessly made the alleged representations as positive assertions without
knowledge of the truth. Insurance Co. of N. Am., 981 S.W.2d at 674; Brush, 984 S.W.2d at
726.
      The traditional portion of Appellees’ summary judgment motion relies almost exclusively
on the “as is” clauses to establish their entitlement to judgment as a matter of law. We have
already concluded that these clauses do not entitle them to a summary judgment because of the
Fletchers’ fraudulent inducement claims. Thus, Appellees failed to establish an entitlement to
judgment as a matter of law on the recklessness element of the Fletchers’ common law
fraudulent inducement claim. See Clear Creek Basin Auth., 589 S.W.2d at 679.
      Similarly, the no-evidence portion of Appellees’ summary judgment motion challenges
only the knowledge element of the Fletchers’ common law claim. Accordingly, Appellees
failed to allege or demonstrate that no evidence exists to support the recklessness element of
the Fletchers’ common law fraudulent inducement claim. See Tex. R. Civ. P. 166a(i).
RELIANCE
      The Fletchers contend in their eighth issue that a fact issue exists on the question of
whether they relied on Edwards’s alleged representations. Appellees rely on the “as is”
clauses to assert that the Fletchers “are precluded as a matter of law from recovering under
their common law fraud [or] statutory fraud . . . claims.” As stated above however, an
“as is” clause will not bar a fraudulent inducement claim unless it “clearly expresses the
parties’ intent to waive fraudulent inducement claims or . . . disclaims reliance on
representations about specific matters in dispute.” Schlumberger Technology, 959 S.W.2d at
181. We have already determined that the “as is” provisions in this case do not meet either of
the requirements stated in Schlumberger Technology. Thus, these provisions do not preclude
the Fletchers from pursuing their fraudulent inducement claims.
      The Fletchers assert in their summary judgment response that they relied on Edwards’s
representations. D’Ann Fletcher’s affidavit recites that Edwards was asked three times
whether utilities were available to the property. Resolving all inferences in favor of the non-movants, we conclude that Appellees failed to establish as a matter of law that the Fletchers did
not rely on Edwards’s alleged representations. See American Tobacco, 951 S.W.2d at 425. 
Accordingly, we sustain the Fletchers’ eighth issue.
      Because fact issues remain on the issue of reliance, we need not address the Fletchers’
seventh issue regarding the “patent absurdity” of Edwards’s alleged representations. 
Appellees have failed to establish their entitlement to judgment as a matter of law on any
element of the Fletchers’ common law and statutory fraudulent inducement claims. See Clear
Creek Basin Auth., 589 S.W.2d at 679. Appellees similarly failed to allege or establish that no
evidence exists to support the recklessness element of the Fletchers’ common law claim. See
Tex. R. Civ. P. 166a(i). Therefore, the trial court erred in granting them a summary
judgment on these claims.
EXEMPLARY DAMAGES
      The Fletchers question in their ninth issue whether the summary judgment evidence raises
a fact issue on the question of whether Edwards intended to deceive them when he made the
alleged representations. Section 27.01(c) provides for the recovery of exemplary damages in
cases where the declarant makes a representation “with actual awareness” of its falsity. Tex.
Bus. & Com. Code Ann. § 27.01(c) (Vernon 1987). For common law fraud, the Fletchers
must establish that Edwards acted with malice


 to recover exemplary damages. LaChalet
Int’l, Inc. v. Nowik, 787 S.W.2d 101, 106 (Tex. App.—Dallas 1990, no writ); Gardner v.
Kerly, 613 S.W.2d 795, 796 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ).
      In the Fletchers’ summary judgment response, they argue only that the question of
Edwards’s knowledge is irrelevant to their recovery of actual damages under section 27.01. 
They did not otherwise present evidence or argument to the trial court to challenge Appellees’
assertion that there is no evidence Edwards knew his alleged representations were false. Thus,
we do not consider these arguments. See McConnell, 858 S.W.2d at 343.
      Because the Fletchers presented no evidence or argument to counter Appellees’ contention
that there is no evidence Edwards knew his alleged representations were false, the trial court
had no discretion but to grant Appellees’ motion on the issue of exemplary damages. See
Williams, slip op. at 13, 1999 WL 1123813, at *7; Tex. R. Civ. P. 166a(i). Accordingly, we
overrule the Fletchers’ ninth issue.
JOINT AND SEVERAL LIABIITY
      The Fletchers question in their third issue whether Orr and ERA are jointly and severally
liable for Edwards’s alleged representations. See, e.g., NationsBank, N.A. v. Dilling, 922
S.W.2d 950, 952-53 (Tex. 1996); Roberts v. Tipton, 562 S.W.2d 921, 922 (Tex. Civ.
App.—Waco 1978, writ ref’d n.r.e.). Appellees respond only that because they believe “the
Fletchers failed to raise genuine issues of material fact on their claims against Edwards, issues
of vicarious liability against Orr and ERA . . . are moot.” Orr and ERA did not allege
an entitlement to judgment on this ground in their summary judgment motion. Thus, the trial
court could not have granted them a summary judgment on this ground, and we cannot
consider it on appeal. See Cincinnati Life Ins., 927 S.W.2d at 625. Accordingly, we will not
further address the Fletchers’ third issue.
CONCLUSION
      The Fletchers allege that they were fraudulently induced to enter the transaction with
Appellees. If so, the “as is” clauses at issue would not be binding on them or preclude them
from recovering on any of their claims. However, Appellees demonstrated that they are
entitled to judgment as a matter of law on the Fletchers’ claim for exemplary damages under
section 27.01(c) and the common law. Otherwise, Appellees failed to establish their
entitlement to judgment as a matter of law on the Fletchers’ claims.
      We affirm the portion of the summary judgment granted on the Fletchers’ claims for
exemplary damages under section 27.01(c) and the common law. We reverse the portion of
the summary judgment granted on the remainder of their claims, sever, and remand that
portion of this cause to the trial court for further proceedings consistent with this opinion. See
Aero Energy, Inc. v. Circle C Drilling Co., 699 S.W.2d 821, 823 (Tex. 1985); Blankenship v.
Brazos Higher Educ. Auth., Inc., 975 S.W.2d 353, 364 (Tex. App.—Waco 1998, pet. denied).

                                                                               REX D. DAVIS
                                                                               Chief Justice

Before Chief Justice Davis
            Justice Vance and
            Justice Gray
Affirmed in part, reversed and remanded in part
Opinion delivered and filed March 29, 2000
Publish